## THE STATE OF KANSAS v. GEORGE W. BEHEE.

1. BURGLARY, *in the Night-Time.* Burglary in the night-time, as defined by section 63 of the act relating to crimes and punishments, does not include burglary in the day-time as defined by section 69 of the same act.

2. DEGREES OF CRIME; *Conviction of Lesser Degree.* Upon an information or an indictment for an offense consisting of different degrees, the jury can only find the defendant guilty of a degree inferior to the one charged when the facts constituting the offense stated include the lesser offense.

3. ——— *When Conviction of Inferior Degree is Error.* Where a defendant is charged in an information with the commission of the crime of burglary in the second degree, and in the night-time, under section 63 of the act relating to crimes and punishments, a verdict that the defendant is guilty of burglary in the third degree is error, and will be set aside on appeal to the supreme court.

### *Appeal from Leavenworth District Court.*

BEHEE was charged by information with the commission of certain acts, constituting burglary in the second degree if committed in the *night,* and burglary in the third degree if committed in the *day-time.* The allegation as to *time,* is, "that *George W. Behee,* at said county of Leavenworth, on the 17th of July 1876, and in the *night-time* of said day," etc. Trial at September Term 1876. Verdict of guilty of burglary in the third degree, and petit larceny. New trial refused, and defendant was sentenced to imprisonment in the penitentiary for two-and-a-half years. *Behee* now brings the case here by appeal.

*J. D. Shafer,* for appellant, contended, that as, by §§ 104 and 105 of the crim. code, the information must be direct and certain, and that the precise time must be stated where it is an indispensable ingredient in the offense, a person charged with burglary in the *night*-time, cannot be convicted of burglary in the *day*-time. 56 Mo. 131; 46 Ga. 212, 216; 70 N. C. 239; 2 Jones L. 353. The case at bar is not an offense like murder, which includes all lesser degrees of felonious homicide, and where proof of the greater is proof of the

lesser offense. In burglary, while some of the facts necessary to constitute burglary in the third degree are like those which constitute burglary in the first and second degrees, yet it takes other and different facts from those of the first and second degrees to constitute burglary in the third degree. 6 Mo. 231, 399; 46 Ga. 212.

*L. M. Goddard*, county-attorney, for the state, submitted: "Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense;" § 121, Crim. Code. Burglary is an offense consisting of different degrees, under our statute. Burglary in the third degree is included in this information, and remains fully described after striking therefrom the words, "in the nighttime." The acts constituting the offense in both the second and third degrees are the same. The only difference is the *time* at which they are done. If the position assumed by defendant is correct, then the state is powerless to punish in a case similar to the one at bar. A person leaves his dwelling-house securely fastened — is absent several days. Upon his return he finds his house has been burglariously entered, and his goods stolen. It is impossible to prove the exact time at which the breaking was done. The possession of the property stolen, together with other circumstances, satisfy a jury that A. committed the offense, but the state is unable to prove whether he entered the house an hour before, or an hour after sundown, but alleges that it was *after*. The jury ('giving A. the benefit of the doubt) find it was *before*, and return a verdict of the lower degree, and thereby commit an error that absolutely absolves the offender.

The opinion of the court was delivered by

Horton, C. J.: The defendant George W. Behee was charged under § 63 of the act relating to crimes and punishments with having on the 17th of July 1876, and in the

The State v. Behee.

night-time of said day, committed burglary in the second degree, and was thereon convicted of burglary in the third degree under § 69 of the same act. Section 69 provides that, "Every person who shall be convicted of breaking and entering, in the day-time, any dwelling-house, or other building, or any shop, store, booth, tent, boat or vessel, under such circumstances as would have constituted the offense of burglary in the second degree if committed in the night-time, shall be deemed guilty of burglary in the third degree." The information states "that the defendant in the night-time, the dwelling-house of one Frederick Wellhouse, then and there feloniously and burglariously did break and enter, with the intent the goods and chattels of the said Wellhouse, in the said dwelling-house then and there being, then and there feloniously and burglariously to steal, take and carry away," etc., and also that defendant committed larceny. The question presented is, was the defendant rightfully convicted of burglary in the third degree? It is claimed by counsel for the state that under § 121 of the criminal code, providing that "Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of any attempt to commit the offense," the defendant may be charged with the commission of certain acts constituting burglary in the second degree as defined in § 63 of the act of crimes and punishments, and be thereon found guilty of the commission of certain acts constituting burglary in the third degree as defined by § 69 of the same act. If the claim of the counsel for the state is good in this case, then it necessarily follows that under an information charging the breaking into a dwelling-house under said § 63 the defendant could be convicted of breaking and entering a booth or tent or boat, under § 69. Such is not the proper construction of § 121 of the criminal code. The defendant in a criminal case has the right "to demand the nature and cause of the accusation against him;" (§ 10 of the Bill of Rights, Const. of Kansas.) He cannot be charged in

the information with one offense, and be convicted of another
and a different offense. Sec. 104 of the criminal code pro-
vides, that "the indictment or information must be direct
and certain as it regards the party and the offense charged."
Whenever the information charges an offense in one degree,
and the facts therein stated necessarily include any degree
inferior thereto, the jury may find the defendant not guilty
of the degree charged, and guilty of a degree therein in-
cluded. For instance, to convict a person of the crime of
burglary in the first degree under § 61 of the crimes act, it
is necessary to establish that some human being was in the
dwelling-house at the commission of the crime; but if a
person commits like acts, and no human being is in the dwell-
ing-house at the time of the wrongful breaking and enter-
ing, then the offense is burglary in the second degree under
§ 63. Upon a charge of burglary in the first degree, if the
evidence should fail to establish the existence of some human
being in the dwelling, the defendant could be convicted un-
der § 63 of burglary in the second degree, because the facts
constituting the offense charged include all the facts necessary
to convict under said § 63. In such a case, the party would
not be misled or surprised by the failure of the prosecutor
to prove all the facts alleged. If sufficient facts were proven
on the trial to constitute the crime of burglary in the second
degree, under § 63, then rightfully the jury might find the
defendant not guilty of the offense of burglary in the first
degree, and guilty of burglary in the second degree. The in-
quiry comes under this construction of § 121 of the criminal
code, whether the charge of burglary in the second degree,
and in the night-time of said day, under § 63, includes the
facts constituting burglary committed in the day-time, in the
third degree, under § 69. We think not. The information
expressly states that whatever the defendant did was done in
the night-time. Time, under § 63, is an indispensable ingre-
dient in the offense. It is a material and important portion
of the charge. To convict the defendant of burglary in the

third degree, on such an information, authorizes the introduction of evidence to prove different facts than those stated. If such practice was permitted, then a defendant would not be informed of the "nature and cause of the accusation against him," when tried upon an information. It is only where the lesser offense is included in the greater, that a verdict can be for the lesser under an indictment or information for the greater. Burglary in the night-time, as charged under said § 63, does not include burglary in the day-time as defined by § 69 of said crimes act. One may be guilty of the latter, and not of the former; and of the former, and not of the latter. *The State v. Alexander*, 56 Mo. 131; *Williams v. The State of Georgia*, 46 Ga. 212. In convicting the defendant of burglary in the third degree, upon the facts charged in the information, the court below committed the error of assuming that burglary in the day-time, under § 69, is included in burglary in the night-time under § 63. The judgment of the court was therefore erroneous.

The counsel for the state suggests, that if the conviction in this case is set aside, as it is often impossible to prove the exact time at which the breaking and entering is committed, offenders of this class of offenses will frequently go unpunished. We answer that we are not called upon to say what the law should be, but to interpret what it is. But under our statute the fears of the counsel for the state are groundless, as § 64 specially provides for the punishment of the crime of burglary, whether committed in the day or night-time. Under § 64, time is immaterial, and evidence could be offered under an information properly drawn, of the commission of the acts of burglary in the second degree either by day or night.

The judgment of the court below must be reversed.

All the Justices concurring.