THE STATE OF KANSAS v. HARROLD PICKERING.

No. 10593.

ROBBERY IN FIRST DEGREE — *sentence for, not supported by verdict of guilty not specifying whether of larceny or.* The defendant was charged with robbery by taking the property of O. from his person by violence and putting him in fear of immediate injury. *Held*, that such charge includes larceny and larceny from the person as well as robbery, and that under it the defendant may be convicted of either offense; and a verdict finding the defendant guilty as charged is insufficient to support a sentence for robbery in the first degree.

*Appeal from Geary District Court.*

*Hon. O. L. Moore, Judge.*

REVERSED AND REMANDED.     OPINION FILED OCTOBER 10, 1896.

*Thomas Dever*, and *W. S. Roark*, for appellant.

*John T. Dixon*, County Attorney, for The State.

ALLEN, J.   The defendant was charged by informa-
tion with having stolen the property of John E. Osborn,
consisting of certain money therein described and a
promissory note for $150, from the person of said
Osborn, by violence to his person and by putting him
in fear of immediate injury, with intent to rob him.
The verdict rendered finds the defendant guilty as
charged in the information, without specifying any
degree of the offense.   Objection was made to pro-
nouncing sentence on this verdict, for the reason that
it did not specify the degree of the offense of which
the jury found him guilty.   The objection was well
taken.   The verdict was insufficient to support a
judgment.   *The State v. Scarlett*, ante, p. 252.

As this requires a reversal we deem it unnecessary
to enter into a discussion of the many questions
raised by counsel.   We will say, however, that the
information, in charging robbery also charges larceny
and larceny from the person ; and, under it, a convic-
tion might be had of either offense.   The instructions
were to the effect that the jury must either convict of
robbery or acquit.   This was altogether erroneous ;
as the defendant might properly be convicted of any
offense included within the principal charge of rob-
bery as stated in the information.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.