The State v. Dunn.

THE STATE OF KANSAS v. EDWARD DUNN.

No. 13,285.   (71 Pac. 811.)

SYLLABUS BY THE COURT.

1. PICKPOCKETS—*Title of Act Sufficient.* Section 1 of chapter 105, Laws of 1886 (Gen. Stat. 1901, § 2373), providing that whoever shall unlawfully pick the pockets of another, or unlawfully take from the person of another any personal property, with intent to steal the same, shall upon conviction thereof be deemed guilty of felony, contains but one subject, viz., depredations against personal property in corporal possession of another, without violence or putting in fear, which subject is expressed with sufficient clearness by the title, "An act to punish pickpockets."

2. ——— *Extradited for Robbery—Robbery Includes Pocket-picking.* One who has been brought from another state into the jurisdiction of a district court of this state under a charge of robbery by force and violence to the person may be tried and convicted under an information charging larceny from the person and pocket, without first being given time and opportunity to return to such other state, since the latter crime is included in the former.

3. ——— *Docket Entry of Justice of the Peace.* In a docket entry of a justice of the peace relating to the preliminary examination of a person charged with crime, which recites that the offense of "pocket-picking or larceny from the person" had been committed, the word "or" is not used disjunctively, but indicates the synonymy of the terms preceding and following it.

4. ——— *Information—Duplicity.* Section 1 of the act relating to pickpockets describes but one offense, committable by acts which may extend to the pocket in one instance and to other por-

tions of the person in another, and an information under it, charging a defendant with larceny from the person and pocket of another in a single transaction, discloses but a single violation of law and is not bad for duplicity.

Appeal from Wyandotte district court; E. L. FISCHER, judge. Opinion filed March 7, 1903. Affirmed.

*E. A. Enright*, county attorney, and *B. S. Smith*, for The State.

*F. E. Burroughs*, and *Hale & Maher*, for appellant.

The opinion of the court was delivered by

BURCH, J. :  A judgment of conviction was rendered against Edward Dunn in the district court of Wyandotte county, in a prosecution under section 1, chapter 105, Laws of 1886 (Gen. Stat. 1901, § 2373), which reads as follows :

"Whoever shall unlawfully pick the pockets of another, or unlawfully take from the person of another any personal property, with intent to steal the same, shall upon conviction thereof be deemed guilty of felony, and be punished by imprisonment in the state penitentiary for any term not exceeding four years."

The title of the act is "An act to punish pickpockets," and it is contended that the law is invalid under section 16 of article 2 of the constitution, providing that no bill shall contain more than one subject, which shall be clearly expressed in its title.   Bouvier's Law Dictionary defines the word "pickpocket" as follows :

"A thief ; one who, in a crowd or in other places, steals from the pockets or person of another without putting him in fear.   This is generally punished as simple larceny."

The subject of legislative consideration clearly was depredations against personal property in corporal

possession of another, without violence or putting in fear ; and, under the definition quoted, the scope of the law was adequately expressed by the title.

The defendant was brought into the jurisdiction of the district court from the state of Missouri by extradition proceedings.   The complaint filed and warrant issued described the offense of robbery by force and violence to the person.   After the return of the prisoner to this state a preliminary examination was held, and the magistrate found that the offense of "pocketpicking or larceny from the person" had been committed, and bound the defendant to appear and answer that crime.   The information charged larceny from the person and the pocket, and a verdict was rendered in accordance therewith.   The defendant opposed the prosecution by a plea in abatement on the ground that the information confronted him with a different crime from that for which he was extradited.   But it has already been decided in this state that the crime of robbery by force and violence includes larceny from the person, and a conviction of the latter offense may be had under a charge of the former.   (*The State v. Pickering*, 57 Kan. 326, 49 Pac. 314.)

It is also argued under the plea in abatement that the defendant was not bound over for any specific offense because the justice used the disjunctive word "or" in his description of the crime.   The word, however, appears to have been employed to indicate the equivalence or synonymy of the terms preceding and following it, or, at least, that they were interpretive or expository of one another.   This is sometimes permissible even in indictments and informations, and, on account of the untechnical character of the docket entries made by a justice of the peace upon the preliminary examination of persons charged with

crime, the general description given was sufficient. Besides, so far as the record discloses, it was not necessary that the defendant be given any preliminary examination whatever.

The information was challenged on the ground of duplicity, and it is said that the statute creates the distinct and separate crimes of pocket-picking and larceny from the person, which could not be joined in a single count of the information. The statute, however, described but one offense. It is commitable by acts which may extend to the pocket in one instance and to other portions of the person in another, but if the same transaction affect both pocket and person the law is violated but once, and the full scope of the acts done may be charged in one count without making the information multifarious. (1 Bish. Crim. L. § 785; 1 Bish. Crim. Proc. § 436.)

No error appearing in the record, the judgment of the district court is affirmed.

All the Justices concurring.