The State v. Miller.

---

### THE STATE OF KANSAS v. TOM MILLER.
#### No. 14,222.　(80 Pac. 947.)
#### SYLLABUS BY THE COURT.

1. JUSTICE OF THE PEACE—*Judicial Acts—Collateral Attack.* The judicial acts of one duly elected and acting as a justice of the peace are not open to collateral attack because he had prior to that time accepted the office of city attorney, and was also acting in that capacity.

2. CRIMINAL LAW—*Robbery—Conviction of a Lower Offense.* Upon an information charging robbery the accused may be convicted of the offense of pocket-picking, or stealing from the person.

3. —— *Information Sufficient.* Where an information sufficiently alleged the offense of which the defendant was convicted he has no reason to complain that it did not fully charge a higher offense of which he was not convicted.

Appeal from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed May 6, 1905. Affirmed.

*C. C. Coleman,* attorney-general, *Al. F. Williams,* and *H. C. Finch,* for The State.

*W. H. Millstead,* and *Skidmore & Walker,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: Tom Miller was prosecuted upon a charge of robbery, and convicted of pocket-picking. On appeal he complains that he never had a preliminary examination on the offense charged in the information. An examination was accorded him before J. W. Farrell, who had been duly elected, and was then acting, as a justice of the peace; but the contention is that as the officer had also accepted an appointment as city attorney he had forfeited and vacated the former office, and was, therefore, without judicial authority.

The defendant has not pointed out the incompatibility between the functions of the offices such as would imply a surrender and vacation of that of justice of the peace; but if they are in fact incompatible it does not avail the defendant. Farrell had been duly elected and installed in the office. Acting under the authority thus conferred he remained in possession of the office, and was in the exercise of its functions in hearing the preliminary examination of the defendant, and was, therefore, at least a *de facto* officer. His right to the office is not open to collateral attack, and his official acts are as binding upon the public and litigants as though his qualifications were unchallenged and unobjectionable. As was held in *The State v. Williams,* 61 Kan. 739, 741, 60 Pac. 1050:

"The acts of a *de facto* judge cannot be collaterally attacked, and his right to the office is not open to question except in a direct proceeding brought by the state; and this is true in a case where the officer is incapable of holding the office." (*Hunter's Adm'r v. Ferguson's Adm'r,* 13 Kan. 462; *Hale v. Bischoff,* 53 id. 301, 36 Pac. 752; *In re Coram,* 62 id. 271, 62 Pac. 661, 84 Am. St. Rep. 382.)

The State v. Miller.

The defendant contends that the information did not charge the offense of robbery.  After alleging that the defendant unlawfully and feloniously assaulted Clyde Best, and took certain pieces of money of the aggregate value of twenty-six dollars, the information proceeded:

"The property of one Clyde Best, from the person, in the presence, and by violence to the person of the said Clyde Best, feloniously and unlawfully did rob, steal, take, and carry away."

There was omitted from the charge the statutory phrase "against his will."  Assuming that the language of the charge did not in other words sufficiently allege the negation of consent, it affords no ground for reversal.  Without question the language used did allege the offense of pocket-picking, or stealing from the person, of which defendant was convicted, and he cannot complain that the information did not charge a higher offense of which he was not convicted.

It is earnestly urged that error was committed in instructing the jury that a person can be convicted of picking the pocket, or stealing from the person, upon a charge of robbery.  Assuming that the charge is robbery, it is a species of larceny of an aggravated character, and it has been decided that such a charge fairly includes the offense of which the defendant was convicted.  (*The State v. Pickering,* 57 Kan. 326, 46 Pac. 314; *The State v. Dunn,* 66 id. 483, 71 Pac. 811.)

There were other objections to the instructions, and also to a ruling upon the amendment of the information, but we find nothing substantial in them.

The judgment of the district court is affirmed.

All the Justices concurring.