No. 23,158.

THE STATE OF KANSAS, *Appellee*, v. JOE HOBL, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Amendment of Information Before Trial.* In a criminal action, before the commencement of the trial, an information may be amended in a matter of substance, after the defendant has pleaded not guilty.

2. SAME—*Preliminary Examination—Findings of Justice of Peace—Included Forgery.* Where a justice of the peace on a preliminary examination finds that the "offenses of forgery and of obtaining money by false pretenses, as charged in the complaint and warrant has been committed, and that there is probable cause to believe the defendant guilty of their commission," the county attorney may file an information charging the defendant with forgery.

3. SAME—*Plea in Abatement—Claim of Defective Record of Preliminary Examination not Sustained.* In a criminal action, on the trial of a plea in abatement alleging that the defendant had not had any preliminary examination, it is not error to refuse to admit evidence tending to show that some days after the preliminary examination had been held there was no record of that examination on the docket of the justice of the peace, if the complaint and warrant on which the preliminary examination was held and a transcript of the proceedings before the justice of the peace are on file in the district court.

4. SAME—In such a case it is not error to overrule a plea in abatement.

5. SAME—*Forgery—Uttering and Passing Forged Paper—Sufficiency of Information.* An information drawn under section 3515 of the General Statutes of 1915 is not fatally defective because it does not allege that the forged instrument was passed, uttered or published as true, where the information contains substantially those allegations.

6. SAME—*Refusal of Instructions—Not Error.* It is not error to refuse to give instructions requested where they concern an offense that is not charged in the information on which the defendant is being tried.

7. SAME—*Information—Forgery—Obtaining Money Under False Pretenses.* An information charging forgery under section 3515 of the General Statutes of 1915 does not necessarily charge obtaining money under false pretenses under section 3467.

8. SAME—*Failure to Instruct as to Meaning of "Pass," "Utter," "Publish"—Not Error.* On a trial of one charged with forgery under section 3515 of the General Statutes of 1915, it is not reversible error for the court to fail to instruct the jury concerning the meaning of the words, "pass," "utter," and "publish" as used in that statute, if the defendant does not ask for any instruction on that subject.

9. SAME—*Motion for New Trial—Remarks of Juror in Jury Room—Incompetent Evidence.* On a hearing of a motion for a new trial it is not error to reject evidence tending to show that one of the jurors had stated facts in the jury room, in connection with matters concerning which evidence had been introduced, where the facts were so foreign to the issues that they could not have had any effect on the minds of the jurors in reaching a verdict.

10. SAME—*Forgery—Verdicts not Inconsistent.* A verdict of not guilty on a count of an information charging the forging of a check on a bank under section 3502 of the General Statutes of 1915, is not inconsistent with a verdict of guilty under another count of the information charging that the instrument was passed, uttered and published in violation of section 3515.

11. SAME—*Improper Conduct of Juror—Not Presented to Trial Court—Not Reviewable on Appeal.* An affidavit showing improper conduct on the part of the jury, filed after the motion for a new trial had been denied, and never presented to the trial court, cannot be considered on appeal.

12. SAME—*Improper Argument of County Attorney—No Reversible Error.* Improper argument to the jury by the county attorney is not sufficient cause for reversing the judgment where on the objection of the defendant the court states that the objection to the argument is sustained, but no request is made that the jury be admonished concerning the argument.

Appeal from Trego district court; ISAAC T. PURCELL, judge. Opinion filed January 8, 1921. Affirmed.

*Herman Long*, of Wa Keeney, for the appellant.

*Richard J. Hopkins*, attorney-general, *John R. Parsons*, county attorney, and *W. L. Sayers*, of Hill City, for the appellee.

The State v. Hobl.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment of conviction on the second count of an amended information charging that:

"The said Joe Hobl after altering the said check set out in count one, which by reference is made a part of this count, the said Joe Hobl after altering said check by adding to the figure 6 a naught and adding to the word six the letters t and y and make the same read sixty dollars when the said check had originally been drawn for only six dollars, the said Joe Hobl did then and there present and deliver the same to the said Collyer State Bank and falsely and fraudulently with intent to cheat and defraud said Art Richardson by said acts the said Joe Hobl did thereby falsely and fraudulently obtain from said bank the sum of fifty-four dollars."

1. It is contended that there was error in permitting the plaintiff to file an amended information, the second count of which was as set out above. The second count of the original information was as follows:

"Second and for another further count against the said defendant said Joe Hobl did in the county of Trego and state of Kansas on the 10th day of September, 1919, after altering said check as alleged in count one by altering said check by raising the same from six dollars to sixty dollars by adding to the figure 6 on said check a naught and adding to the word six on said check the letters t and y and make the same read sixty dollars when the said check had been originally only for six dollars, the said Joe Hobl did then and there present and deliver the same to the said Collyer State Bank and falsely and fraudulently by said acts and conduct and representations obtain from said bank the sum of fifty-four dollars."

The amended information was filed before trial, but after the defendant had pleaded not guilty to the original information. He contends that the second count of the amended information charged an entirely new offense, one of a higher degree than that contained in the second count of the original information.

An examination of the two informations reveals that the second count of the amended information was in the same language as the second count of the original one except the words "with intent to cheat and defraud said Art Richardson" were added. Art Richardson was the person who gave the check. The defendant urges that the second count of the

original information charged the defendant with obtaining money by false pretenses under section 3467 of the General Statutes of 1915, and that the second count of the amended information attempted to charge forgery in the second degree under section 3515 of the General Statutes of 1915.

Section 3467 so far as it is material to the present discussion reads:

"Every person who, with intent to cheat or defraud another, shall, designedly, by means of any false token or writing, or by any other false pretense, obtain . . . any money . . . shall be punished," etc.

Section 3502 in part reads:

"Every person who shall forge . . . *First*, any . . . check . . . being or purporting to be made or issued by any bank incorporated under the laws of . . . this state . . . ; *second*, any . . . check being or purporting to be drawn on any such incorporated bank, . . . by any other person, . . . shall upon conviction be adjudged guilty of forgery in the second degree."

Section 3515 reads:

"Every person who, with intent to defraud, shall pass, utter or publish, or offer or attempt to pass, utter, or publish as true, any forged, counterfeited or falsely uttered instrument or writing, or any counterfeit or any imitation of any gold or silver coin, the altering, forging or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument, writing or coin to be altered, forged or counterfeited, shall upon conviction be adjudged guilty of forgery in the same degree hereinbefore declared for the forging, altering or counterfeiting the instrument, writing or coin so passed, uttered or published, or offered or attempted to be passed, uttered or published."

The second count of the amended information charged that the check was drawn on the Collyer State Bank; that it was altered with intent to cheat and defraud Art Richardson; that the defendant presented and delivered the check to the bank; and that he obtained from the bank $54 on the check. Those allegations brought within section 3515 the offense charged. The second count of the original information attempted to charge the defendant with forgery; the corresponding count of the amended information charged him with the same offense. It cannot be said that the amendment was in a matter of form only; it was in a matter of substance; but, "by leave of court an information may be amended in matter of substance as well as of form after a plea of not guilty has been entered and be-

fore the trial is begun." (*The State v. Chance*, 82 Kan. 388, 108 Pac. 789, Syl. ¶ 4. See, also, *The State v. Moberly*, 90 Kan. 837, 136 Pac. 324.)

2. The original information followed the language contained in the complaint and warrant on which the preliminary examination was held. The justice of the peace in the commitment issued for placing the defendant in jail to await trial, certified "that the offense of forgery and obtaining money by false pretenses has been committed, and that there is probable cause to believe the defendant Joe Hobl is guilty of the commission of said offense." The transcript of the justice of the peace recited that the "offenses of forgery and of obtaining money by false pretenses, as charged in the complaint and warrant has been committed, and that there is probable cause to believe the defendant guilty of their commission." The justice of the peace did not find that forgery had been committed as charged in the first count of the complaint and warrant, and that obtaining money by false pretenses had been done as charged in the second count of the complaint and warrant; but he found that the offenses of forgery and of obtaining money by false pretenses had been committed. The defendant knew that the justice had so found. An information charging him with either of these offenses could have been filed, and one charging him with forgery was properly filed.

3. The defendant complains of the rejection of evidence offered by him on a plea in abatement that he interposed to the further prosecution of the action. That evidence tended to show that some time after the preliminary examination had been held there was no record concerning it on the docket of the justice of the peace. The abstracts filed in this court show that there was a preliminary examination held on a complaint regularly filed and a warrant regularly issued; that the defendant was held for trial for the offenses of forgery and obtaining money under false pretenses as charged in the complaint and warrant; that a transcript of the proceedings before the justice of the peace was made out; and that at the time the plea in abatement was heard all were on file in the district court. It therefore was not error to reject the evidence of a witness who had examined the docket of the justice of the peace and would testify that at the time he made such examina-

tion there was no record of the proceedings before the justice of the peace. The failure of the justice of the peace to record his proceedings and certify them to the district court immediately was no cause for the abatement of the action. He could have been compelled to certify all matters to the district court. (Crim. Code, § 64.)

4. The defendant complains of the order of the court overruling his plea in abatement. This complaint is based on the argument that he had no preliminary examination on the charge contained in the second count of the information, and is disposed of by the matters that have been discussed.

5. A motion to quash the second count of the information was overruled. It is argued that this was error. This argument is based primarily on the fact that the information did not contain an allegation that the check was passed, uttered, or published *as true*, but secondarily on the fact that it did not allege that the defendant passed, uttered or published the check, and that therefore the information was insufficient to charge an offense under section 3515 of the General Statutes of 1915. These facts must be alleged, but it is not necessary that they be alleged in the language of the statute. The information alleged that the check given to the defendant was changed by him; that he presented it to the bank for payment; and that he obtained the money thereon. Proof of these acts would justify a verdict of guilty without proving that the defendant had stated that the check was that of Art Richardson. Proof of his presentation of the check would have been proof of the allegation that he *passed, uttered* and *published* it as true, if that allegation had been contained in the information. An allegation that the defendant presented the check was sufficient to comply with the statute. The information might well have been more skillfully drawn, but we cannot say that it was so defective as to justify a reversal of the judgment.

6. The defendant complains of the refusal of the court to give certain instructions requested by him. They were drawn on the theory that the second count of the information charged obtaining money by false pretenses, but that count did not charge that offense, and the complaint must fail.

7. It is argued that the second count of the information included a charge of obtaining money by false pretenses under

The State v. Hobl.

section 3467, and that the court committed error in not instructing the jury concerning the lesser degree of offense. It is true that obtaining money from a bank on a forged check is obtaining money by pretending that the forged check is genuine, and there is therefore a false pretense, but that does not establish that one who passes, utters or publishes a forged check is guilty of obtaining money by false pretenses and is not guilty of forgery as defined in section 3515.

Section 121 of the code of criminal procedure reads:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense."

Under this section a person who is tried for murder in the first degree may be convicted of murder in the second degree, or of any degree of manslaughter. (*The State v. Reddick,* 7 Kan. 143.) Arson in the first degree, under section 3417 of the General Statutes of 1915, may include arson in the third degree under section 3423. One charged with robbery may be convicted of larceny from the person. (*The State v. Pickering,* 57 Kan. 326, 46 Pac. 314; *The State v. Dunn,* 66 Kan. 483, 485, 71 Pac. 811; *The State v. Miller,* 71 Kan. 491, 80 Pac. 947.) One charged with larceny of goods over the value of $20, grand larceny, may be convicted of stealing goods under the value of $20, petit larceny. One charged with burglary in the first degree under section 3429 of the General Statutes of 1915, may be convicted of burglary in the second degree under section 3431. (*The State v. Behee,* 17 Kan. 402, 405.) But, one charged with burglary in the nighttime under section 3431, cannot be convicted of burglary in the daytime under section 3437. (*The State v. Behee,* 17 Kan. 402; *The State v. Adams,* 20 Kan. 311, 328.) One charged with arson under section 3417 cannot be convicted of arson under sections 3419, 3422, or 3426. (*The State v. Nolan,* 48 Kan. 723, 727, 29 Pac. 568, 30 Pac. 486.) Although closely related, larceny and receiving stolen property are different offenses. (*The State v. Fields,* 70 Kan. 391, 78 Pac. 833.)

Does a charge of forgery under section 3515 of the General Statutes of 1915 include a charge of obtaining money by false pretenses under section 3467? Forgery under section 3515

consists of passing, uttering or publishing a forged instrument. Uttering or publishing the check consists in presenting it for payment. The act of uttering or publishing is done when the check is presented, although no money may be obtained thereby. In obtaining money by false pretenses, the acquisition of the money is the principal thing. A false pretense may be made, but if no money is received, the crime of obtaining money by false pretenses is not committed, although it may be that an attempt to commit that crime has been made. In forgery under section 3515 the making, altering, uttering or publishing of the written instrument is the principal part, and money need not necessarily be obtained. The evidence that will prove a violation of that section will not necessarily prove a violation of section 3467. Under section 3515 it is necessary to prove an uttering, publishing, offering, or attempting to pass as true, a forged instrument, but it need not be proved that money or property was obtained thereby; while under section 3467 it is necessary to prove that money or property was obtained. Under section 3515 it is necessary to prove that the instrument was forged; but under section 3467 it is only necessary to prove that it was false. Of course a forged instrument is false, but a false instrument is not necessarily forged. The operation of 3515 is restricted to certain writings and to coins while section 3467 is not so restricted. The offenses are similar, yet neither is subordinate to nor a part of the other, and neither is included within the other; they are coördinate offenses, punished by different terms of imprisonment in the penitentiary.

8. The defendant argues that the instructions given by the court were insufficient. This argument is based on the fact that the court did not define the words, *utter,* and *publish,* as found in the statute, nor explain the meaning of the phrase *as true.* These expressions are in common use by English speaking people, and unless a request is made that they be defined, it is not reversible error for the court to fail to do so. (*The State v. Davis,* 106 Kan. 527, 531, 188 Pac. 231, and cases there cited.)

9. Complaint is made of the rejection of evidence offered on the motion for a new trial. The evidence offered tended to show that one of the jurors had seen a traction engine owned

by the defendant passing along the highway toward the town of Collyer; that he had seen the engine in Collyer on a certain day about the time that the check was given; and that the juror had stated that fact in the jury room. Evidence was introduced on the trial concerning that matter but it was so remote that the court would have been justified in then excluding it. How such a fact stated in the jury room could have possibly influenced the verdict is not easily perceived. Even if it were a controverted fact on the trial, unless it was in some way connected with the commission of the offense charged or with some defense set up, evidence of the statement ought not to be received for the purpose of discrediting the verdict. No reason is given why the statement was in any way material, and it does not appear to have been prejudicial.

10. All the grounds of error that have been discussed are urged as error in overruling the motion for a new trial, but another matter is presented which requires attention. The jury returned a verdict of not guilty on the first count of the information and a verdict of guilty on the second count. It is argued that the verdict of not guilty established that the defendant did not forge the check; that a verdict of guilty on the second count is inconsistent with the verdict of not guilty on the first count; and that therefore the verdict of guilty cannot stand.

The first count charged the defendant with forging the check. He received it from Art Richardson and cashed it an hour or two afterward. There was no evidence to show that any other person had it or saw it, after the defendant received it, until he presented it to the bank for payment. The jury may not have been satisfied that the defendant altered the check, but may have been satisfied that he knew that it had been altered when he presented it for payment. The defendant talked to at least one other person during the time that he had the check. There was latitude, therefore, in the evidence for the jury to find the defendant not guilty on the first count and guilty on the second.

11. After the motion for a new trial had been overruled, the defendant filed an affidavit of one of the jurors in which it was stated that another of the jurors had said that the defendant had run away from Missouri with mortgaged property,

and that if he had had his just dues he would have been in the penitentiary long ago. The affidavit was filed too late; it was not presented to the trial court, and cannot be considered by this court.

12. Complaint is made of the conduct of counsel for the state. A deposition had been taken in behalf of the defendant, but it had not been signed by the witness. The signature was waived, and the deposition was read by consent. On the argument the county attorney argued against that evidence, because the deposition had not been signed, and charged that the attorney for the defendant had fabricated the evidence contained in it. The defendant's abstract contains the following:

"By Mr. Long: The defendant objects to any statement being made by the county attorney to the effect that the deposition of E. V. Williams has not been signed and making any comments on that question for the reason that the county attorney, in open court, has waived the signature to that deposition and I ask the Court to instruct the jury to disregard any such remark.

"By the Court: I think myself, that a reference to the waiver might be omitted, but I suppose the evidence can be attacked the same as any other evidence.

"By Mr. Long: Yes, sir; as evidence, but not to the fact that he didn't sign it.

"By the Court: It should be treated the same as if the signature was attached.

"By Mr. Parsons: It says that the deposition shall be in writing and it is agreed by Mr. Long that it shall be taken by some disinterested person and subscribed by the witness.

"By Mr. Long: You could have had it signed if you had wanted it, but you waived it. We stand upon our objection.

"By the Court: We will sustain the objection to the signature only."

If it was improper for the county attorney to refer to the fact that the deposition was not signed, the error, if there was any, was cured by the remarks of the court. No request was made that the jury be admonished or instructed concerning the remarks of counsel. (*Ohlson v. Power Co.*, 105 Kan. 252, 182 Pac. 393.)

The judgment is affirmed.