No. 44,427

STATE OF KANSAS, *Appellee,* v. HERBERT C. HACKER, *Appellant.*

(421 P. 2d 40)

Opinion filed December 10, 1966.

*Richard I. Stephenson,* of Wichita, argued the cause and was on the brief for the appellant.

*Tyler C. Lockett,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action in which the defendant was charged with five counts of robbery in the first degree of five liquor stores located in Wichita, Kansas, contrary to the provisions of G. S. 1949 (now K. S. A.) 21-527. All counts were contained in one information. At the trial the court sustained the defendant's motion to discharge him on count 4. The jury acquitted the defendant on count 5 and found him guilty of counts 1, 2 and 3. Appeal has been duly perfected from the conviction on the first three counts.

The questions raised by the appellant all involve trial errors.

The evidence disclosed that the robberies all occurred within a period of ten weeks, from September 28, 1964, to December 5, 1964. Each of the robberies was from a liquor store between the hours of 9:45 p. m. to 10:30 p. m.; the robber operated alone and was described as approximately 50 to 55 years of age and of the same physical stature. Each of the victims was treated in the same manner by the assailant as his plan was carried out.

The appellant first contends the trial court erred in permitting him to be tried upon a single information containing five counts of robbery in the first degree. He contends that the trial court should have granted his motion for separate trials on each count.

It is argued by the appellant that each offense took place on a different date; that each offense was committed against a different individual; and that the proof of each offense required different witnesses and was required to stand upon its own particular facts.

The appellant further argues in like manner the defenses to each count were different.

The appellant contends the mere fact that the offenses charged were of the same general nature is not sufficient reason to warrant consolidating each in the same information and in one trial. (Citing, State v. Thompson, 139 Kan. 59, 29 P. 2d 1101.) It is argued the inevitable result was to confound and confuse five different cases in one trial, thereby distracting the jury's attention from the merits of each.

The point in question has been before this court on numerous occasions and is controlled by the rule recently stated in State v. Brown, 181 Kan. 375, 312 P. 2d 832, affirmed by the decision in State v. Browning, 182 Kan. 244, 320 P. 2d 844. In Brown it was held where separate and distinct felonies are charged in separate

counts of one and the same information, and all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment, the defendant may be tried upon all of the several counts of the information at one and the same time, and in one trial. The court further held whether a defendant who is charged with several separate and distinct felonies, as above related, may be tried upon all of the several counts of the information at one and the same time, and in one trial, rests in the sound judicial discretion of the trial court.

In the *Brown* opinion the history of joinder of offenses in Kansas criminal jurisprudence is reviewed on pages 380 to 383 where the reasons for the rule are stated.

We hold the trial court did not abuse the exercise of its power of discretion in failing to grant the appellant's motion for separate trials on each count.

The appellant's second specification is that the trial court erred in failing to instruct the jury as to lesser offenses.

In the instant case the trial court instructed the jury solely as to the crime of robbery in the first degree, and the jury found the appellant guilty of robbery in the first degree on the first three counts as set forth in the information. No instructions were given as to lesser included offenses.

The appellant argues that robbery in the first degree under Kansas decisions includes grand larceny if the amount taken from the person exceeds $50. In each of the five counts of the information in the instant case the specific amount alleged to have been taken by the robber exceeded $50. (See, K. S. A. 21-533; *State v. Pickering*, 57 Kan. 326, 46 Pac. 314; and *State v. Dunn*, 66 Kan. 483, 71 Pac. 811.)

The appellant argues that on each count the jury could have found the alleged victim was not put in fear of immediate injury to his person, by reason of which the trial court should have instructed as to the lesser included offense of grand larceny.

The crime of robbery is discussed in 2 Wharton's Criminal Law and Procedure, § 547, pp. 246, 247, as follows:

"The crime of extortion, false pretenses, and larceny are distinguishable from robbery primarily by the absence of force and violence, the victim's consent, or the lack of fear. . . . Larceny, although an essential element of the offense of robbery, is distinguished primarily on the basis of the violence which precedes or accompanies the taking. The presence of violence, actual or constructive, is

an essential ingredient of robbery, but not of larceny. Thus, robbery is a compound or aggravated larceny, composed of the crime of larceny from the person with the aggravation of force, actual or constructive, used in the taking. Larceny is further distinguished by the fact that, unlike robbery, the property need not be taken from the person or in the presence of another."

Here in each of the three counts upon which the appellant was convicted the evidence disclosed that he was carrying a pistol which he used or displayed to the victim.

It has been held under an information which charges the crime of robbery in the first degree, and which includes the crime of grand larceny, that it is not error for the trial court to omit instructing the jury as to such lesser offense included in the charge, when the evidence tends to establish the highest degree of the crime charged and does not tend to establish guilt of the lesser offense included therein. (*State v. Clough,* 70 Kan. 510, 79 Pac. 117; *State v. Hockett,* 172 Kan. 1, 238 P. 2d 539; and see, *State v. Hardisty,* 121 Kan. 576, 249 Pac. 617.)

By definition, robbery in the second degree and robbery in the third degree were clearly beyond the evidence in the instant case. (See, *State v. Jones,* 187 Kan. 496, 501, 357 P. 2d 760.)

The primary burden encountered by the prosecuting attorney in the instant case was that of identifying the appellant as the assailant on each count of the information. Failure of evidence on this point led to the trial court's discharge of the appellant on count 4, and to his acquittal by the jury on count 5.

A study of the cases cited by the appellant (*State v. Pickering,* supra, and *State v. Dunn,* supra) will disclose their distinguishing characteristics.

Here the trial court properly instructed the jury on robbery in the first degree, and the evidence before it did not warrant an instruction on any lesser included offense.

The appellant's third specification of error challenges his conviction upon count 3 of the information.

The appellant argues as to count 3 the victim of the alleged robbery was not put in fear, which in substance again raises the question of a lesser included offense.

Count 3 charged the robbery of Moody's Liquor Store on the night of October 21, 1964, in the city of Wichita, Kansas. Mrs. Buttram was the clerk in Moody's Liquor Store on the night in question and testified that the assailant wore a dark sweater, khaki pants and colored glasses that were the kind that "go back." She

described the man as "short, stocky built . . . and around 50-55" years old. She identified the appellant as the man who robbed the store. On direct examination she testified that the man had a gun which was in his belt; that he took it out, but did not point it at her. She further testified as follows:

"Q. I see. What next occurred?

"A. Well, I gave him the money and the bills, and he says, 'I want the change, also.' So I just handed the bills to him and then I just scooped the change up and put it in his hand.

"Q. What state of mind were you in at this time, Mrs. Buttram?

"A. Well, you mean was I scared?

"Q. Yes.

"A. Well, when he came in, I just, I knew, I just had a feeling—

"Mr. O'Hara: I object.

"The Court: Sustained. Just answer the question. Put your question again, Mr. Dugan.

"Q. What state of mind were you in?

"A. I was all right.

"Q. Were you scared?

"Mr. O'Hara: Now to which I object as being leading and suggestive, and she has already made an answer.

"The Court: I will permit her to answer.

"Q. You may answer.

"A. I was all right."

From the foregoing testimony the appellant argues Mrs. Buttram was not frightened—she was all right.

The record does not disclose how Mrs. Buttram emphasized the words in her answer "I was all right." If she emphasized "was" it would mean she was in fear. On the other hand, if she did not emphasize the word "was" but instead emphasized the expression "all right" it would have a tendency to mean the opposite. We need not speculate, however, as to the emphasis placed upon this answer by Mrs. Buttram, because her testimony as a whole indicates that it was only after the appellant's display of his weapon and demand that she gave the money to him. She also testified the appellant told her to go to the back room, after she had given him the money, and that she did so, remaining there for three to five minutes before calling the police.

There is no exact standard by which to determine when an unlawful taking has been accompanied by putting the victim in fear. It is only necessary to show that the circumstances were such as to cause a reasonable man to apprehend danger, and that he could be reasonably expected to give up his property in order to protect

himself. It is necessary, however, to establish causal relationship between acts of the defendant and the surrender of the property by the victim. In other words, it is essential to show that the defendant did acts or said things which reasonably induced fear, and that the victim gave up his property because of the apprehension of danger caused by the defendant. (2 Wharton's Criminal Law and Procedure, § 557, p. 260.)

The evidence before the jury in the instant case was ample to support its finding of guilty as to count 3 based upon the fact that Mrs. Buttram was put in fear within the contemplation of the statute defining robbery in the first degree.

The appellant's final specification is that the judgment and verdict were contrary to the law and the evidence.

A careful review of the record in the instant case discloses that the evidence amply supported the verdict of the jury finding the appellant guilty of robbery in the first degree on each of the first three counts of the information. Accordingly, the judgment entered upon the verdict was proper and the trial court did not err in failing to grant the appellant a new trial.

The judgment of the lower court is affirmed.