No. 45,770

State of Kansas, *Appellee,* v. Sherman Coleman, *Appellant.*

(480 P. 2d 78)

Opinion filed January 23, 1971.

*Robert M. Brown,* of Topeka, argued the cause and was on the brief for the appellant.

*Harland K. Rieger,* Assistant County Attorney, argued the cause, and Kent Frizzell, Attorney General, and Gene M. Olander, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: In one information, defendant Sherman Coleman was charged with three counts of grand larceny as that offense is defined by K. S. A. 21-533.

On count No. 1 he was convicted as charged. On count No. 2 he was convicted of the lesser included offense of petty larceny as defined by K. S. A. 21-535. As to count No. 3 he was discharged at the conclusion of the state's evidence.

Having twice previously been convicted of felonies (second degree burglary and larceny, and grand larceny) defendant was sentenced to confinement in the penitentiary for a term of not less than 15 years under K. S. A. 21-534 and 21-107a. On the petty larceny conviction he was sentenced to jail for not more than 1 year, the two sentences to run concurrently.

The principal grounds urged in this appeal are that the court erred in denying defendant's motion for a severance of the several

counts in the information, or, in the alternative, in failing to require the state to elect on which count he would be tried, and that at the close of the state's evidence the court erred in denying his motion to sever the several counts for separate trials, or, in the alternative, in failing to require the state to elect.

There is no occasion to detail the evidence.

Count No. 1 charged the theft of some $3,000.00 from the office of a Topeka supermarket on a Sunday afternoon in June 1968. Defendant, a negro, and wearing a small goatee, was positively identified by store employees as being "half in and half out" of the unattended office where the money was kept. He and a woman companion left hurriedly in a black 1957 Chevrolet car, the license number of which was traced to him.

Count No. 2 charged the theft of money from the cash drawer of a gasoline filling station on the same Sunday afternoon. On this occasion a negro, wearing a small goatee, and who was positively identified as defendant, drove a black 1957 Chevrolet car into the station and ordered two dollars worth of gasoline. While the attendant was servicing the car defendant went into the unattended office. A few minutes later he came out, paid for the gasoline, and, instead of driving ahead normally, hurriedly backed his car out into the street and drove off. Upon entering the office the attendant discovered the cash drawer had been broken open and an undetermined amount of money was missing.

Count No. 3 charged the theft of an auto-stereo machine from the sales counter of a Topeka store on the day before the Sunday afternoon in question. A negro man, wearing a small goatee, and positively identified as defendant by the proprietor, hurriedly backed a black 1957 Chevrolet car from in front of the store while the proprietor was servicing a customer at the back of the store. A few minutes later it was discovered that the stereo machine was missing. (As stated, however, defendant was discharged by the court as to this count.)

The rule in this jurisdiction is that where separate and distinct felonies are charged in separate counts of one information, and all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment, a defendant may be tried upon all of the several counts of the information in one trial, and further, the determination

of such matter rests in the sound discretion of the trial court (*State v. Brown,* 181 Kan. 375, 312 P. 2d 832; *State v. Hacker,* 197 Kan. 712, 421 P. 2d 40, cert. den. 386 U. S. 967, 18 L. ed. 2d 119, 87 S. Ct. 1050; *State v. Anderson,* 202 Kan. 52, 446 P. 2d 844; *State v. Collins,* 204 Kan. 55, 460 P. 2d 573).

It was not error to deny defendant's motion for a severance, or, in the alternative, in failing to require the state to elect.

It further is contended the trial court erred in denying defendant's motion for discharge on counts Nos. 1 and 2 at the close of the state's evidence for the reason the evidence was insufficient to support a conviction, and that the verdict of the jury was contrary to the evidence.

Neither contention is good. The evidence definitely placed defendant—who was positively identified—at the scene and time of the two larcenies. If a conviction is supported by evidence—it is not to be set aside because a jury fails to believe a defendant's version of what occurred. The verdicts of guilty were fully supported by the evidence. No complaint is made of the instructions and we must assume the jury was properly instructed on all aspects of the case.

No error being shown—the judgment is affirmed.