THE STATE OF KANSAS, *Appellee,* v. ALVIN C. CHANCE, *Appellant.*

No. 16,308.

### SYLLABUS BY THE COURT.

1. FORGERY—*Signing a Different Name than that Intended.* Where one affixes to a note a signature which he intends shall be regarded as that of another person the act is not prevented from being forgery by the circumstance that the name is not correctly written.

2. —— *Rule Applied to "Heinis" and "Hein."* Where the name Henry "Heinis" is signed to a note with the intention that it shall be supposed to be the signature of Henry "Hein," it can not be said as a matter of law that the difference is so

The State v. Chance.

great as to prevent the deception of any person of ordinary prudence.

3. CRIMINAL LAW—*Evidence of Another Offense than the One Charged.* Upon the trial of an employee on the charge of uttering a note payable to his employer, which he had forged for the purpose of covering up a shortage, evidence that he had forged other notes for the same purpose is competent.

4. INFORMATION—*Amendment after Plea of Not Guilty.* By leave of court an information may be amended in matter of substance as well as of form after a plea of not guilty has been entered and before the trial is begun.

Appeal from Thomas district court; CHARLES W. SMITH, judge. Opinion filed May 7, 1910. Affirmed.

*W. G. Bissell,* and *Edwin D. McKeever,* for the appellant.

*Fred S. Jackson,* attorney-general, and *E. H. Benson,* county attorney, for the appellee; *Park B. Pulsifer,* of counsel.

The opinion of the court was delivered by

MASON, J.: Alvin C. Chance was convicted of forgery and of uttering a forged instrument. He appeals. He claims that the information is defective in failing to allege that the forgery was committed with the intent to defraud anyone. It alleges in detail that he forged a note purporting to be that of Henry Hein, writing the signature, however, "Henry Heinis." It then adds:

"That the name Henry Heinis as signed to said note and the name Henry Hein used herein represent . . . the same person, and in signing the name Henry Heinis to the said instrument the said Alvin C. Chance thereby intended to sign the name of Henry Hein thereto, with intent then and there unlawfully . . . to injure and defraud the said Chicago Lumber and Coal Company."

The contention is that although the information says that Chance signed another man's name to the note with intent to defraud a third person, it fails to say that he forged the instrument with that intent. If

there is any substantial difference, the last clause quoted may be tied to all those preceding it, and be deemed to characterize every act of the defendant to which any of them refers.

A second contention is that the signature to the note (which the defendant reads Heny Heinis, but which may perhaps be read Henry Heinis) is not enough like Henry Hein to be regarded as a forgery of that name. In *The State v. Warren,* 109 Mo. 430, it was said:

"Where the accused attempts to sign the name of a person really existing, but does it so imperfectly or inaccurately that one of ordinary prudence would not be deceived by it, he can not be convicted of forgery." (Page 433.)

This rule seems to assume that persons of less than ordinary acumen are fair game for sharpers and may be defrauded with impunity; it is adapted to make the trial on a charge of swindling an inquiry into the intelligence of the person cheated, instead of into the criminality of the defendant. It has been announced in other cases (22 Am. Dec. 321, note; Clark & Marshall, The Law of Crimes, 2d ed., p. 586), but probably most courts would now hold that the offense of forgery as well as that of obtaining property by false pretenses may be committed by a device so crude that it could only impose upon the credulous or careless. (13 A. & E. Encycl. of L. 1085; 19 Cyc. 404.) But the rule as stated can not benefit the defendant here. Whether a person of ordinary observation might mistake the words "Henry Heinis" for the signature of Henry Hein was a question of fact. We can not say as a matter of law that a person of reasonable prudence might not fall into that error. The theory of the state was that the defendant forged the note in order to cover up a shortage in his own accounts with his employer, the Chicago Lumber and Coal Company. There was evidence that no one of a similar name lived or was known in the community excepting Henry Hein; that he had business

transactions with the company which were entered in its books in the defendant's handwriting, under the designation "Henry Heinis"; that other entries apparently referring to the same person were written "Hein" and "Heins." This was sufficient to justify the jury in concluding that if the defendant signed the note he intended the signature to be regarded as that of Henry Hein, and that the fraud was not so obvious as to be necessarily harmless.

A third complaint is that the state was permitted, in support of the charge of uttering the forged note, to introduce evidence tending to show that the defendant had forged the names of other persons to other notes for the purpose of increasing the apparent assets of the business, and thus covering up his shortage. This evidence had a tendency to prove him guilty of the very offense charged, and the fact that it also tended to prove the commission of other offenses did not render it inadmissible. (*The State v. Calhoun,* 75 Kan. 259; *The State v. Hansford,* 81 Kan. 300; 62 L. R. A. 252, note; 5 Encyc. of Ev. 868; 1 Wig. Ev. §§ 315, 318.)

The final objection urged on behalf of the defendant is that after he had pleaded not guilty, but before the impaneling of the jury was begun, the state was permitted to amend the information by adding a new count thereto. The statute provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant." (Crim. Code, § 72.)

The claim is made that this provision forbids any amendment except in matter of form after a plea is entered. Language to that effect was used in *The State v. Bundy,* 71 Kan. 779, but there the substance of the information was changed after a jury had been impaneled and sworn, and jeopardy had consequently at-

tached.   The decision was explicitly based on that consideration, and what is said in the opinion must be interpreted in the light of that fact.   The force of the statute is that prior to arraignment and plea the state has an absolute right to amend in any respect, without asking permission, but that *on the trial* no amendment may be made, even by leave of court, except in matter of form.   The fair inference is that after a plea has been entered, but before the trial has begun, substantial amendments may be made, but only upon order of the court.   That is the rule at common law (22 Cyc. 436, 437), and the statute is not less liberal.   Convictions have repeatedly been sustained based upon amended informations filed after one trial had been had.   (*The State v. Hart,* 33 Kan. 218; *The State v. Spendlove,* 47 Kan. 160.)   Here the defendant was again arraigned and pleaded not guilty to the amended information, and no possible prejudice could have resulted to him from the fact that the amendment was made after, instead of before, his first plea had been entered.

The judgment is affirmed.