No. 36,345

THE STATE OF KANSAS, *Appellee,* v. ALFRED EYE, *Appellant.*

(166 P. 2d 572)

Opinion filed March 9, 1946.

*Elisha Scott,* of Topeka, argued the cause for the appellant.

*H. W. Harper,* of Junction City, argued the cause, and A. B. Mitchell, attorney general, was on the brief for the appellee.

The opinion of the court was delivered by

Hoch, J.: Appellant was tried on a charge of assault with intent to kill, and was convicted of the lesser offense of "endangering the life" of the person assaulted. (G. S. 1935, 21-435.)

The errors alleged may be summarized as follows: (1) The trial court erred in permitting the information to be amended after the jury was impaneled; (2) there was no evidence to show felonious intent on the part of the defendant; (3) the court should have taken the case from the jury and appointed a commission to test the mental competency of the defendant. Some complaint is also made of instructions, but the instructions are not shown in the abstract and we have before us no definite assignment of error as to instructions.

On the night of March 14, 1944, the wife of the defendant, Alfred Eye, called the police department at Junction City and reported that her husband was causing a disturbance at their home. Two officers went to the defendant's residence. Encountering violent resistance—including one or more shots from a gun—they returned to the police station and two other officers accompanied them back to the house where, after some maneuvering and considerable conversation, during which several more shots were fired, Eye was taken into custody. The county attorney filed an information in which Eye was charged with assault with intent to kill four persons—naming the four officers involved. After the jury had been impaneled, but before it had been sworn to try the case, the county attorney moved to amend the information by striking out the names of three of the officers, leaving the defendant charged only with assault with intent to kill Charles Graham, one of the officers. The defendant objected to the amendment and moved to quash the information. The amendment was permitted and the trial proceeded, resulting in the verdict hereinbefore indicated.

The pertinent statute with reference to amendment of the information (G. S. 1935, 62-808) has been construed to permit—within the discretion of the trial court—amendment of substance as well as of form, after a plea of not guilty and before the trial has begun. (*State v. Chance*, 82 Kan. 388, 108 Pac. 789; *State v. Morris*, 131 Kan. 282, 291 Pac. 742; *State v. Hobl*, 108 Kan. 261, 194 Pac. 921.) This, of course, is not to be interpreted as sanc-

tioning amendment where it appears that the defendant's interests have thereby been prejudiced. In the case before us no attempt is made to show that the defendant's interests were in fact prejudiced by the amendment and the record does not disclose that such contention was made in the court below. There is nothing in the record to indicate that an amendment of the information to charge assault with intent to kill one of the police officers, instead of all four who called to take the defendant into custody prejudiced defendant's rights and we cannot say that the court erred in permitting the amendment.

The second contention, that there was no evidence to show malicious intent, requires little comment. Several of the officers testified that Eye was defiant and fired a number of shots at them as they approached the house; that when they called to him to come out he answered, "Stick your heads around the corner and I will clip your heads off"; that he fired again several times and that they heard the bullets pass close to their heads. There was much additional evidence that the defendant threatened to shoot and that he did fire at the police officers with a deadly weapon. In spite of this evidence, the jury found him guilty only of the lesser crime of "endangering the life" of the officer. It is axiomatic that a person is presumed to intend the natural and probable consequence of his voluntary and deliberate act; that if the commission of an unlawful act is proved, it will be presumed that the act was done with criminal intent. (22 C. J. S. 92; 20 Am. Jur. 227; *State v. Dull,* 67 Kan. 793, 74 Pac. 235.)

Appellant's last contention is that the court erred in not taking the case from the jury and appointing a commission to examine him as to his sanity. The contention is without merit. If the sanity of the defendant at the time of the trial is brought into question it is proper for the court to appoint a commission to determine whether he is sane and capable of making a defense. (G. S. 1935, 62-1531; *State v. Badders,* 141 Kan. 683, 42 P. 2d 943.) There was no testimony whatever that the defendant here was insane at the time of the trial and no contention was so made at the trial or is made here. The defendant was present and testified. Furthermore, no request was made during the trial for the appointment of a commission to determine whether the defendant was sane. Nor in the motion for a new trial, as originally filed, was a failure to appoint a sanity commission assigned as error. Some

days after the motion for a new trial was filed, an amendment to it was filed in which error in failing to appoint such a commission was asserted. But when the motion for a new trial was argued, counsel for defendant, although asserting that the court had erred in failing to stop the trial and appoint a sanity commission, also stated "I don't care anything about the amendment." Lastly, appellant now contends that "the undisputed evidence shown by witnesses for the state as well as for the appellant that the defendant was too intoxicated that he did not know right from wrong and went further—that he was insane," etc. Such a statement as to the evidence is wholly unsupported by the record. On the contrary, three of the police officers who took the defendant into custody who were questioned on the matter testified that in their opinion he was not intoxicated. Whatever testimony there may have been that the defendant had been drinking and did not know what he was doing was for the jury to consider. Certainly we cannot say they did not consider it in arriving at their verdict. The question of the sanity of the accused, at the time of the alleged commission of the offense is one to be determined by the jury upon the evidence introduced bearing upon such an issue. (G. S. 1943 Supp. 62-1532.)

No error is found and the judgment is affirmed.