No. 47,565

STATE OF KANSAS, *Appellee,* v. CARL DEAN OSBURN, *Appellant.*

(533 P. 2d 1229)

Opinion filed April 5, 1975.

*R. Daniel Lykins,* of Topeka, argued the cause, and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Carl Dean Osburn, was convicted of one count of possession of a narcotic drug, heroin, under K. S. A. 65-2502 (Corrick). This case was previously before this court on appeal in *State v. Osburn,* 211 Kan. 248, 505 P. 2d 742. The factual circumstances which brought about this criminal prosecution are set forth in full in that opinion. The defendant, Osburn, was originally convicted of one count of selling a narcotic drug, heroin, and one count of conspiracy to sell cocaine, K. S. A. 1970 Supp. 21-3302. The defendant Osburn appealed that conviction. The case was reversed for the reason that the defendant had raised the theory that he was a procuring agent and it was error for the trial court not to instruct on the procuring agent defense when the defendant so

requested and where the record disclosed evidence which reasonably supported that defense. In our former decision we remanded the case to the district court for a new trial on both of the original counts.

Following reversal on the first appeal the district attorney filed an amended information charging the appellant with *possession* of a narcotic drug, to-wit: heroin. The original information charged in count one that the defendant did *"possess, have under his control and sell* a narcotic drug, to-wit: heroin. . . ."* In the amended information the state simply struck out the words "and sell" and designated the offense charged to be possession of a narcotic drug. With the exception of these changes the original information and the amended information were the same. In addition the district attorney dismissed count two charging conspiracy to sell cocaine. The defendant then moved the court for an order to quash the amended information. This motion was overruled. After the motion to quash had been overruled the defendant was arraigned on the amended information and entered his plea of not guilty to the charge of possession of a narcotic drug, heroin. Thereafter the parties waived a jury and the case proceeded to trial by the court. The case was submitted to the court on a written stipulation of facts which is as follows:

"STIPULATION OF FACTS

"(Filed April 20, 1973)

"It is hereby agreed by and between the parties hereto that the following set forth facts are agreed and stipulated to as being the evidence that would be produced by the State of Kansas, plaintiff at the time of the trial herein.

"The State's evidence would show that on the evening of December 24, 1970, Richard Jones, a reserve policeman for the Topeka Police Department, working part-time as an undercover agent for the Topeka Police Department Vice Squad, together with an informant, a Dan Biddle, were sent by the Topeka Police Department Vice Squad to 1526 Harrison, Topeka, Kansas, for the purpose of making a heroin buy. They were referred by a Mr. Frank Fitzgibbons to a place where they were advised they might be able to obtain some. They were directed to 1222 Long Street, Topeka, Shawnee County, Kansas, where upon arriving at that address, they were met by the defendant, Carl Dean Osburn, in his front yard. At that time there was some conversation between the defendant and the two police agents about obtaining some heroin, at which time they were advised by the defendant that he did not have any heroin available but that he would agree to purchase some for them. Mr. Osburn was then given $24.00, $20.00 of which to purchase heroin for Mr. Biddle and Mr. Jones, and $4.00 of which to be used for the purchase of heroin for the defendant. Mr. Osburn then left and returned approximately

one-half hour later and gave Mr. Biddle and Mr. Jones a substance wrapped in a white package purported to be heroin, which the officers received from Mr. Osburn. State's evidence would further show that Officer Jones and Mr. Biddle were sent and directed to make a purchase of heroin by Officers Collie and Ritchie of the Vice Squad of the Topeka Police Department. Mr. Robert Harvey and Loretta Shepekk, chemists for the Kansas Bureau of Investigation ran a chemical analysis of the white powder substance given to Mr. Biddle and Mr. Jones by the defendant, Carl Dean Osburn, and the substance contained the chemical compound known as heroin. Further, that the said location where Mr. Osburn was observed to have the substance in his possession was on or about the premises of 1222 Long Street, Topeka, Shawnee County, Kansas.

"Officers Collie and Ritchie received the package containing the white powder from Officer Jones and immediately transported the chemical to the Kansas Bureau of Investigation Lab where Robert Harvey and Loretta Shepekk, chemists, found the substance heroin."

The trial court considered the stipulation of facts and found the defendant guilty of possession of a narcotic drug, to-wit: heroin. In imposing sentence on the conviction the district court gave the defendant credit for the time he had served under the previous sentence and placed the defendant on probation for a period of three years. The defendant has appealed to this court claiming trial errors.

The first point raised by the defendant Osburn on this appeal is that the trial court erred in failing to sustain the defendant's motion to quash the amended information which charged the defendant with the possession of a narcotic drug, a different crime from selling a narcotic drug which was contained in count one of the original information. The defendant relies upon K. S. A. 22-3201 (4) which states as follows:

"(4) The court may permit a complaint or information to be amended at any time before verdict or finding *if no additional or different crime is charged* and if substantial rights of the defendant are not prejudiced."

The defendant maintains that his substantial rights were violated because he was compelled to answer a new and additional crime when the district attorney was permitted to file the amended information. The defendant argues that the trial court erred because when the prosecutor found that the state could not convict the defendant of selling a narcotic drug because of the procuring agent defense, defendant was then charged with possession of a narcotic drug. We believe that the Kansas code of criminal procedure is not as restrictive on the right of the district attorney to amend an information as the defendant is contending. K. S. A. 22-3201 (4)

is patterned closely after Rule 7 (*e*) of the Federal Rules of Criminal Procedure which provides:

"(*e*) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

In interpreting this rule the federal courts have held that since the prosecutor is free to make the charge, he should be equally free to change it, and the restrictive rules about amendment of an indictment have no application to an information and instead the information may be amended in either form or substance. Leave of court is required in order that the court may protect the defendant against any possibility of prejudice. (Wright, Federal Practice and Procedure, Vol. 1, § 128.)

The decisions of this court support the rule that prior to the commencement of the trial the prosecutor should be given a wide discretion in amending the original information. We have consistently held that a trial court may allow an amendment to an information in its discretion both as to form and substance after arraignment and plea before commencement of the trial. (*State v. Morris*, 131 Kan. 282, 291 Pac. 742; *State v. Hobl*, 108 Kan. 261, 194 Pac. 921.) Our cases distinguish between amendments before trial and those which are made during the course of the trial. (*State v. Eye*, 161 Kan. 69, 166 P. 2d 572.) In permitting the state to amend an information the courts have been careful to protect the rights of the defendant so that his defense will not be prejudiced by the amendment. Permission granted by a trial court to amend an information after a plea of not guilty and before the jury has been sworn to try the case does not constitute reversible error in the absence of any reasonable contention or any showing that the interests of the defendant were thereby prejudiced. (*State v. Eye*, supra.) The fact that the defendant has been tried on the original information does not change the rule. We have held in a number of cases that after a new trial has been granted on the motion of a defendant in a criminal case, the attorney for the state, with the consent of the court, may enter a *nolle prosequi* without prejudice to a future prosecution, and thereafter the defendant may be put upon his trial and convicted upon a new information. The theory is that when a new trial is granted on the motion of the defendant in a criminal prosecution, the granting of the same places the party accused in the same position as if no trial had

been had. (*State v. Hart*, 33 Kan. 218, 6 Pac. 288; *State v. Spendlove*, 47 Kan. 160, 28 Pac. 994; *State v. Chance*, 82 Kan. 388, 108 Pac. 789; and *State v. Bloomer*, 197 Kan. 668, 421 P. 2d 58.) Of course, where a defendant procures a new trial he can be tried at the new trial only on the count or counts for which he was found guilty at the former trial. He may not be retired on other counts where he was acquitted. (*State v. McNaught*, 36 Kan. 624, 14 Pac. 277.) Likewise, where the new trial is granted after conviction for an offense included in the crime originally charged, the subsequent prosecution is limited to the included crime for which the defendant was convicted. (K. S. A. 21-3108 [5].) With these two exceptions following the granting of a new trial, the state is in the same position with regard to amendment of the information as though no trial had ever been had in the case.

Under the facts and circumstances as disclosed in the record before us we cannot say that the trial court abused its discretion in allowing the filing of an amended information. In both the original and amended informations the statute under which the defendant was charged was K. S. A. 65-2502 (Corrick). It provided as follows:

"65-2502. *Acts prohibited.* It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this act."

Heroin is a narcotic drug as defined under 65-2501. The original information alleged that the defendant did "possess, have under his control, and sell a narcotic drug, to-wit: heroin." The amended information charged that the defendant did "possess" have under his control, a narcotic drug, to-wit: heroin." We do not believe that under these circumstances the striking of the words "and sell" from the original information could have prejudiced the rights of the defendant. There is no contention that the defendant was denied a proper preliminary hearing following the amendment of the information. He did not request a new preliminary hearing. He entered into a plea of not guilty to the amended charge. At the time the amended information was filed, a complete trial had been had and the facts and circumstances surrounding the drug transaction had been fully revealed. Under the circumstances we cannot say that the trial court abused its discretion in permitting the state to file an amended information charging possession of a narcotic drug.

The defendant urges in his second point that the trial court

erred in not sustaining the defendant's contention that under the stipulated facts he was an agent of the city and that he should not be held criminally liable for the possession of a narcotic drug. Under the stipulation of facts it was undisputed that Osburn at the request of undercover agents for the Topeka Police Department obtained possession of heroin not only for the undercover agents but for himself as well. He did not know he was dealing with agents of the city. We fail to see how such a defense can be sustained under the facts and circumstances in this case.

The defendant's final point is that the trial court erred in not ruling as a matter of law that the defendant was entrapped by the police agents in obtaining the possession of the drug. We cannot say that on the facts before us the defendant was entrapped as a matter of law. In the stipulation of facts the evidence showed that the undercover police officers were directed by a third party to 1222 Long Street as a place where they might be able to obtain heroin. Upon arriving at that address they were met by Osburn in the front yard. The reasonable inference is that he was there to make a drug sale. After a short conversation Osburn advised the officers that he would obtain some heroin for them. Osburn was given $24 of which $20 was to purchase heroin for the undercover agents and $4 was for the purpose of purchasing heroin for the defendant. There is no evidence of censurable or impermissible conduct on the part of the police officers. They merely solicited him for the purchase of heroin and he readily complied. The district court must have concluded that the defendant Osburn had a predisposition or intention to commit the criminal act. We cannot say that such a finding by the trial court is not supported by the evidence.

For the reasons set forth above the judgment of the district court is affirmed.

FROMME, J., not participating.