No. 48,773

STATE OF KANSAS, *Appellee,* v. RICHARD M. McCOWAN,
*Appellant.*

(573 P.2d 1029)

Opinion filed January 21, 1978.

*J. D. Muench,* of Scott City, argued the cause and was on the brief for the appellant.

*Claude S. Heath,* of Leoti, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Richard M. McCowan (defendant-appellant) guilty of felony murder (K.S.A. 21-3401). Numerous points for reversal are asserted on appeal.

The appellant is a resident of Wichita County, Kansas. On December 15, 1975, he pled guilty to a charge of unlawful possession of a firearm in violation of K.S.A. 21-4204(1)(*b*), a class D felony. On April 12, 1976, he was placed on probation in connection with this crime. The appellant was then advised by James Robison, his probation officer, on April 21 of the terms of his probation and his parole schedule.

On May 19, 1976, the appellant failed to keep his scheduled appointment with Mr. Robison. He testified he was in California with his wife visiting his sick mother-in-law. He stated he tried on at least three different occasions to contact Mr. Robison in order to tell him of his whereabouts.

Thereafter on May 24, 1976, Mr. Robison issued a "pick-up and detain" order pursuant to K.S.A. 22-3716 against the appellant for parole violations. The alleged violations were failure to keep a scheduled appointment and traveling outside a fifty-mile radius of Leoti, Kansas.

Mr. Robison subsequently requested a cancellation of this

detainer order on May 25, 1976, at approximately 3:43 p.m. In its place he requested a bench warrant be issued for apprehension of the appellant. During the interim between cancellation of the "pick-up and detain" order and the issuance of the bench warrant, the death occurred.

Carl A. Simons, chief of police of the Leoti, Kansas, Police Department, stopped the appellant approximately one and one-half miles north of the city limits of Leoti. The appellant was traveling with his four children who ranged in ages from several months to twelve years. Chief Simons, with his service revolver drawn, ordered the appellant from his car. At this time Chief Simons had not received any notice of the cancellation of the detainer order. He then arrested the appellant for violating the conditions of his parole, advised the appellant of his rights, and handcuffed the appellant behind his back.

The appellant testified he was fearful for his own personal safety and his children were frightened. He stated Chief Simons struck him with a blunt object on the back of the head after being handcuffed.

Apparently the appellant requested permission to return to his car to quiet his children and to reassure them, but Chief Simons refused the request. While Chief Simons was making a radio transmission from his patrol car, however, the appellant returned to his car. With the help of his oldest daughter he took a .357 Magnum revolver from the glove compartment. With the gun in his hands, which were still handcuffed behind his back, he returned to the patrol car to order Chief Simons to remove the handcuffs. A scuffle ensued and two shots fired by the appellant struck and killed Chief Simons instantly.

The appellant instructed his twelve-year-old daughter to drive to a nearby farm building where he was able to sever the handcuff chain through the use of a grinding machine. He then drove to a friend's home where he left his children and he proceeded to flee to the State of Colorado.

Upon discovery of the deceased, Lloyd Neyer, the sheriff of Wichita County, issued a pick-up order for the appellant. He also ordered the appellant's wife, Pam McCowan, be placed in custody at the sheriff's office.

Several hours later the appellant was arrested by Colorado authorities and advised of his rights. He waived extradition after

Colorado officials told him his wife was being held by Kansas authorities.

Agents from the Kansas Bureau of Investigation arrived in Eads, Colorado, on the morning of May 26, 1976. They ·had a warrant for the appellant's arrest charging him with first degree murder under the felony murder provision of K.S.A. 21-3401. The underlying felony charged was aggravated escape from custody (K.S.A. 21-3810[*b*]). After being advised of his rights, the appellant was questioned by the agents. They returned to Kansas with the appellant in their custody later in the day.

The agents did not proceed directly to the sheriff's office in Wichita County. After a lengthy drive through northwestern Kansas, they placed the appellant in the custody of the sheriff in Scott County, Kansas. The following morning, approximately 34 hours after his original detainment in Colorado, the appellant was first brought before a judge. He was formally advised of his rights and counsel was appointed for him.

The appellant's trial eventually commenced, after a change in venue, on January 3, 1977, in the Saline County District Court. The appellant was found guilty of murder in the first degree under the felony murder provisions of the statute and was sentenced to life imprisonment. His motion for a new trial was overruled and appeal was duly perfected.

On appeal the appellant asks this court to reverse and remand his case for a new trial because he claims his conviction cannot stand under the complaint as written. We agree.

The appellant was charged with first degree murder under the felony murder provisions of K.S.A. 21-3401. Both the complaint and information filed by the state charge the appellant with the following:

". . . UNLAWFULLY, FELONIOUSLY, willfully and maliciously kill and murder a certain human being, to-wit: Carl A. Simons, by shooting said Carl A. Simons with a certain gun or pistol, a more complete description of which is not known and is therefore not set forth herein, while in the perpetration or attempt to perpetrate the crime of aggravated escape from custody, a felony as defined by K.S.A. 21-3810(b)."

The underlying felony charged by the state was aggravated escape from custody. K.S.A. 21-3810 provides:

"Aggravated escape from custody is:

"(*a*) Escaping while held in lawful custody upon a charge or conviction of felony; or

"(*b*) Escaping while held in custody on a charge or conviction of any crime when such escape is effected or facilitated by the use of violence or the threat of violence against any person."

This statute was construed in *State v. Pruett*, 213 Kan. 41, 515 P.2d 1051. There the defendant escaped from lawful custody before a written charge was filed. Our court held:

"The escape statutes, K.S.A. 1971 Supp. 21-3809 and 21-3810, are applicable only where a person escapes from lawful custody while being held on a written charge contained in a complaint, information or indictment." (Syl. 6.)

Here, no complaint, information or indictment had been filed by the state at the time the appellant was arrested by the deceased.

Moreover, in *State v. Pruett,* supra, our court observed the state is not without a remedy when the defendant escapes from custody prior to the filing of a formal written complaint. We held:

". . . K.S.A. 1971 Supp. 21-3808, . . . which provides for the offense of obstructing legal process or official duty is broad enough to cover cases where a defendant escapes from custody prior to the filing of a formal written complaint, information or indictment. . . ." (p. 50.)

K.S.A. 21-3808 reads in part as follows:

"Obstructing legal process or official duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process *in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."* (Emphasis added.)

A careful examination of this statute reveals it is inapplicable to the case at bar. First the deceased could not serve or execute or attempt to serve or execute any writ, warrant, process or order because the detainer order had been cancelled. Secondly, the deceased was not acting in the discharge of any official duty but rather as a private citizen when he arrested the appellant outside his territorial jurisdiction.

Thus, the use of K.S.A. 21-3808 here is foreclosed by the language of the statute itself. Similarly, the use of K.S.A. 21-3810(*b*) as the underlying felony is precluded in this case because no written complaint, information or indictment had been filed when Carl Simons, the deceased, attempted to arrest the appellant. Therefore, we hold the charge of aggravated escape from custody under K.S.A. 21-3810(*b*) as the underlying felony in the murder filed in the complaint and information pursuant to K.S.A. 21-3401 was improper under the facts presented here and must be reversed.

In view of our holding on this point, it is unnecessary to rule on the numerous other points asserted on appeal.

Accordingly, the judgment is reversed and the case is remanded for a new trial.