No. 50,811

STATE OF KANSAS, *Appellee*, v. RICHARD M. MCCOWAN, *Appellant.*

(602 P.2d 1363)

Opinion filed December 1, 1979.

*J. D. Muench,* of Scott City, argued the cause and was on the brief for appellant.

*Adrian M. Farver,* of Burlingame, argued the cause and *Robert T. Stephan,* attorney general, *Glendon E. Rewerts,* county attorney, and *Claude S. Heath,* of Leoti, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by defendant-appellant Richard M. McCowan from conviction by a jury of one count of first degree murder. K.S.A. 21-3401. This is the second time this case has been before this court. The action was tried the first time in Saline County, on a change of venue from Wichita County, resulting in a conviction of first degree murder under the felony murder theory. *State v. McCowan*, 223 Kan. 329, 573 P.2d 1029 (1978), (*McCowan I*). In the prior action the complaint alleged both premeditated murder and felony murder with the underlying felony being an allegation of aggravated escape from custody

(K.S.A. 21-3810[*b*]). This court found the underlying felony to be improper and reversed and remanded the case.

In this action, which was tried in Reno County on a change of venue, the State filed an amended information again charging both premeditated murder and felony murder with the underlying felony being unlawful possession of a firearm. K.S.A. 21-4204(1)(*b*). In *McCowan I* the trial court, at the end of the evidence, did not instruct the jury on the elements of premeditated murder and instructed solely on first degree murder under the felony murder theory. In the present case the trial court, prior to trial, ruled that the case would be tried solely under the theory of premeditated murder and not under the felony murder rule. Later the court instructed solely on premeditated first degree murder along with the lesser included offenses of second degree murder and voluntary manslaughter.

The following statement of the facts is taken from *McCowan I:*

"The appellant is a resident of Wichita County, Kansas. On December 15, 1975, he pled guilty to a charge of unlawful possession of a firearm in violation of K.S.A. 21-4204(1)(*b*), a class D felony. On April 12, 1976, he was placed on probation in connection with this crime. The appellant was then advised by James Robison, his probation officer, on April 21 of the terms of his probation and his parole schedule.

"On May 19, 1976, the appellant failed to keep his scheduled appointment with Mr. Robison. He testified he was in California with his wife visiting his sick mother-in-law. He stated he tried on at least three different occasions to contact Mr. Robison in order to tell him of his whereabouts.

"Thereafter on May 24, 1976, Mr. Robison issued a 'pick-up and detain' order pursuant to K.S.A. 22-3716 against the appellant for parole violations. The alleged violations were failure to keep a scheduled appointment and traveling outside a fifty-mile radius of Leoti, Kansas.

"Mr. Robison subsequently requested a cancellation of this detainer order on May 25, 1976, at approximately 3:43 p.m. In its place he requested a bench warrant be issued for apprehension of the appellant. During the interim between cancellation of the 'pick-up and detain' order and the issuance of the bench warrant, the death occurred.

"Carl A. Simons, chief of police of the Leoti, Kansas, Police Department, stopped the appellant approximately one and one-half miles north of the city limits of Leoti. The appellant was traveling with his four children who ranged in ages from several months to twelve years. Chief Simons, with his service revolver drawn, ordered the appellant from his car. At this time Chief Simons had not received any notice of the cancellation of the detainer order. He then arrested the appellant for violating the conditions of his parole, advised the appellant of his rights, and handcuffed the appellant behind his back.

"The appellant testified he was fearful for his own personal safety and his children were frightened. He stated Chief Simons struck him with a blunt object on the back of the head after being handcuffed.

"Apparently the appellant requested permission to return to his car to quiet his children and to reassure them, but Chief Simons refused the request. While Chief Simons was making a radio transmission from his patrol car, however, the appellant returned to his car. With the help of his oldest daughter he took a .357 Magnum revolver from the glove compartment. With the gun in his hands, which were still handcuffed behind his back, he returned to the patrol car to order Chief Simons to remove the handcuffs. A scuffle ensued and two shots fired by the appellant struck and killed Chief Simons instantly.

"The appellant instructed his twelve-year-old daughter to drive to a nearby farm building where he was able to sever the handcuff chain through the use of a grinding machine. He then drove to a friend's home where he left his children and he proceeded to flee to the State of Colorado.

"Upon discovery of the deceased, Lloyd Neyer, the sheriff of Wichita County, issued a pick-up order for the appellant. He also ordered the appellant's wife, Pam McCowan, be placed in custody at the sheriff's office.

"Several hours later the appellant was arrested by Colorado authorities and advised of his rights. He waived extradition after Colorado officials told him his wife was being held by Kansas authorities.

"Agents from the Kansas Bureau of Investigation arrived in Eads, Colorado, on the morning of May 26, 1976. They had a warrant for the appellant's arrest charging him with first degree murder under the felony murder provision of K.S.A. 21-3401. The underlying felony charged was aggravated escape from custody (K.S.A. 21-3810[b]). After being advised of his rights, the appellant was questioned by the agents. They returned to Kansas with the appellant in their custody later in the day.

"The agents did not proceed directly to the sheriff's office in Wichita County. After a lengthy drive through northwestern Kansas, they placed the appellant in the custody of the sheriff in Scott County, Kansas. The following morning, approximately 34 hours after his original detainment in Colorado, the appellant was first brought before a judge. He was formally advised of his rights and counsel was appointed for him." pp. 329-331.

The evidence in the present case was essentially the same as in *McCowan I* except the defendant did not take the witness stand in this case and offered no evidence. Therefore, there was no direct testimony from defendant about the shooting.

Appellant asserts eighteen points of error in his brief and presents thirteen arguments in support thereof. Many of the points overlap and the brief does not address them in the order set forth in the statement of points. The arguments are merely numbered one through thirteen and do not identify the point or points being covered in each argument. The State responds with an enumeration of seven points and supporting arguments but not in the order addressed by appellant and in some instances not responsive to the issues as propounded by appellant. In addition,

neither brief is adequately keyed to what is a rather voluminous record. Consequently the briefs in many instances have been more frustrating than helpful to this court. However, we will attempt to address the numerous points in the order originally listed by appellant and will include such additional facts from the record as they become necessary.

1. "That the Trial Court erred in not dismissing the charges and ordering the release of the defendant after having heard evidence to the effect that the Uniform Extradition Act was not complied with by Kansas law officials."

Appellant makes several arguments, the first being that his return to Kansas from Colorado was not effected in accordance with the Uniform Criminal Extradition Act, K.S.A. 22-2701 *et seq.* Appellant states that Colorado has adopted the uniform act and that the Kansas statutes he cites have identical counterparts in Colorado. We will assume this to be true. Appellant concedes he was advised of his rights under *Miranda* and as a fugitive from justice and he executed a waiver of such rights, although not before a judge as required by K.S.A. 22-2726. The statute also contains the following language:

"*Provided, however,* That nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state."

In *State v. Ulriksen,* 210 Kan. 795, 504 P.2d 232 (1972), we said:

"It is established that the jurisdiction of a district court in Kansas to try a person for a criminal offense does not depend on how he came to be in the state. (*State v. Wellman,* 102 Kan. 503, 170 Pac. 1052; *Stebens v. Hand,* 182 Kan. 304, 320 P.2d 790; *Converse v. Hand,* 185 Kan. 112, 340 P.2d 874; *Smith v. State,* 196 Kan. 438, 411 P.2d 663; *Thompson v. State,* 197 Kan. 630, 419 P.2d 891; *State v. Eaton,* 199 Kan. 610, 433 P.2d 347; *Yurk & Brady v. Brunk,* 202 Kan. 755, 451 P.2d 230; and *Bruffett v. State,* 205 Kan. 863, 472 P.2d 206.)" p. 799.

Appellant also argues that he was under pressure and was coerced into returning to Kansas by reason of the fact that he was told by the officers that his wife had been taken into custody in Wichita County. Hence, he did not freely and voluntarily agree to his return to Kansas. We have examined the record and all of the arguments presented on this point and it appears that defendant, once placed in custody in Colorado, voluntarily agreed to return to Kansas without the necessity of any formal extradition proceedings. This he had the right to do.

2. "That the Trial Court erred in not suppressing certain evidence, oral and/or tangible, obtained from the defendant, directly or indirectly, when such evidence was obtained in such a manner that the defendant's rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, provisions of Article I, Bill of Rights of the Constitution of the State of Kansas and K.S.A. 22-3215 were violated."

During the trip from Colorado to Kansas with the K.B.I. agents, defendant made certain admissions, statements and confessions incriminating himself and volunteered to lead the officers to the place where he had disposed of the victim's gun. Having done so the agents recovered the gun. Defendant did not testify in the second case and no statements were offered or admitted in evidence. He again asserts he was under coercion due to his having been told his wife was taken into custody. The court found in a *Jackson v. Denno* hearing that defendant was properly advised of his rights under *Miranda* and that his statements and acts in assisting in the recovery of the gun were voluntary. The argument that the victim's gun should not have been admitted in evidence as "fruit of the poisonous tree" and his other arguments on this point are without merit. *State v. Jones,* 218 Kan. 720, 545 P.2d 323 (1976); *State v. Sovems,* 215 Kan. 775, 529 P.2d 181 (1974).

3. "That the Trial Court erred in overruling defendant's motion to dismiss for failure to present a prima facie case of first degree murder, said motion being made at the close of plaintiff's case."

The argument in support of this point appears to be found in appellant's Argument No. 13 wherein he asserts there was insufficient evidence to establish premeditation. In support of this position appellant states in his brief "defendant first approached his daughter and asked that she assist him in obtaining his freedom, he requested that she hold the gun. He did not try to use the gun himself until no other option was available." Defendant, after being placed under arrest and handcuffed, walked to his car while the victim was using his radio, enlisted the assistance of his daughter in getting his own weapon, returned to the police car and then shot the victim in the scuffle that ensued. Defendant's actions in going to his car, attempting to coerce his daughter into holding the gun on Chief Simons, taking the gun himself and, upon returning to the police vehicle, shooting the victim could certainly meet the requirements of premeditation. There is no

specific time element required to establish premeditation. A rational trier of the facts could find guilt (including premeditation) beyond a reasonable doubt. *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979). Appellant's argument does not merit further comment by this court.

4. "That the Trial Court erred by failing to instruct the jury in the theory of self-defense."

In *State v. Childers,* 222 Kan. 32, 563 P.2d 999 (1977), we held:

"To warrant the giving of an instruction on self-defense, under K.S.A. 21-3211, an accused must have a belief that the force used by him against an aggressor is necessary to defend himself against such aggressor's imminent use of unlawful force and there must be some evidence to support such belief." Syl. ¶ 13.

Even though the victim was acting outside his jurisdiction and the arrest was unlawful there was no justification for the use of deadly force to avoid the unlawful arrest. In addition, the defendant had no way of knowing at the time whether the arrest was lawful or unlawful. See K.S.A. 21-3217. No error is shown under the facts in this case in not instructing on self-defense.

5. "That the Trial Court erred by overruling defendant's motion for dismissal and motion for directed verdict made at the close of the prosecution's and defense's case."

Defendant did not take the witness stand and put on no evidence after the State finished its case. Defendant at the end of the State's evidence moved for dismissal and then for a judgment of acquittal. Both motions were overruled. The only argument in support of the motions was that there was insufficient evidence to prove a prima facie case and guilt beyond a reasonable doubt. The motions were totally without merit. No argument was made before this court on the insufficiency of the evidence and none is made in appellant's brief except as has been previously set out under point 3. There is no merit to the point on appeal. *State v. Voiles,* 226 Kan. 469.

6. "That the jury's judgment is contrary to the applicable law and evidence presented in this case."

This point was neither argued nor briefed and appears to again assert the positions of appellant as set forth in points 3 and 5.

7. "That the Trial Court erred for failing to discharge defendant from all liability for prosecution of the charges filed in this case and by failing to discharge

defendant from all liability for further prosecution in any subsequent case of any charges to be filed for failure to afford defendant a speedy trial."

Appellant argues that he was not brought to trial within 90 days as required by K.S.A. 1978 Supp. 22-3402(1). The statute provides:

"If any person charged with a crime and held in jail *solely* by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)." (Emphasis added.)

The statute also provides that in the event of a reversal of a conviction by this court or the Court of Appeals the time begins to run as of the date of filing the mandate with the district court. In the instant case the mandate was filed February 17, 1978, and trial was not commenced until December 11, 1978. However, defendant was not being held in jail during that period *solely* by reason of the charges in this case. Defendant was being held in custody by reason of prior sentences imposed by both the district court and the United States District Court for the District of Kansas.

"One who is in custody, serving one or more sentences, is not being held 'solely' by reason of a pending charge, and it is not required that trial on the pending charge be commenced within the 90-day period specified by the statute." *State v. Sanders,* 224 Kan. 138, 140, 578 P.2d 702 (1978).

Appellant made no attempt to preserve or assert his constitutional right to a speedy trial as provided in the Uniform Mandatory Disposition and Detainer Act, K.S.A. 22-4301 *et seq.*

In *Brimer v. State,* 195 Kan. 107, 402 P.2d 789 (1965), this court held:

"To obtain the right of a speedy public trial provided by section 10 of our Bill of Rights, as legislatively defined by the Uniform Mandatory Disposition of Detainers Act, it is incumbent upon the accused incarcerated in a penal institution of this state to comply with all provisions of the Act, including the preparation of his written request for disposition of detainer to be addressed to the court in which the indictment, information or complaint is then pending against him and to the county attorney charged with the duty of prosecuting it." Syl. ¶ 2.

8. "That the Trial Court erred by allowing plaintiff to file an amended information in said case."

Following the decision in *McCowan I* reversing appellant's first conviction, the State sought and obtained permission to file

an amended information. The amended information charged the defendant with first degree murder based both on premeditation and the felony murder rule. The underlying felony in the initial information was aggravated escape from custody (K.S.A. 21-3810[*b*]) and in the amended information this was changed to unlawful possession of a firearm (K.S.A. 21-4204[1][*b*]).

Appellant contends that as his first conviction was based upon the felony murder theory, that in the retrial of the case the State cannot amend the information to state a different underlying felony and further that he cannot be tried for premeditated murder. At the outset it should be pointed out that premeditated murder and felony murder are not separate or different offenses. The statute merely provides alternative methods of proving the deliberation and premeditation required for a conviction of first degree murder under K.S.A. 21-3401. The statute provides:

"Murder in the first degree is the killing of a human being committed maliciously, willfully, deliberately and with premeditation *or* committed in the perpetration or attempt to perpetrate any felony." (Emphasis added.)

A prosecution under the felony murder rule merely changes the type of proof necessary to establish a violation of the statute. Proof that a homicide was committed in the perpetration of a felony is tantamount to premeditation and deliberation which otherwise would be necessary to constitute murder in the first degree. *State v. Mauldin,* 215 Kan. 956, 529 P.2d 124 (1974); *State v. Lamb,* 209 Kan. 453, 497 P.2d 275 (1972).

In *State v. Osburn,* 216 Kan. 638, 533 P.2d 1229 (1975), we held:

"A trial court may allow an amendment to an information in its discretion both as to form and substance after arraignment and plea and before commencement of the trial." Syl. ¶ 1.

"Permission granted by a trial court to amend an information after a plea of not guilty and before the jury has been sworn to try the case does not constitute reversible error in the absence of any reasonable contention or any showing that the interests of the defendant were thereby prejudiced." Syl. ¶ 2.

"Generally following the granting of a new trial, the state is in the same position with regard to amendment of the information as though no trial had ever been had in the case." Syl. ¶ 3.

In *Osburn* the defendant was originally convicted of the unlawful sale of heroin under K.S.A. 65-2502 (Corrick). *State v. Osburn,* 211 Kan. 248, 505 P.2d 742 (1973). Upon reversal of that conviction by this court the State sought and obtained permission

to amend the information to charge merely possession of heroin, which is also covered by the same statute, as it was apparent the original charge of unlawful sale could not be proved. On appeal from the conviction in the second case, the defendant argued that the trial court erred in not quashing the second information as the charge of possession of heroin constituted a different crime than sale of heroin. We said:

"The defendant maintains that his substantial rights were violated because he was compelled to answer a new and additional crime when the district attorney was permitted to file the amended information. The defendant argues that the trial court erred because when the prosecutor found that the state could not convict the defendant of selling a narcotic drug because of the procuring agent defense, defendant was then charged with possession of a narcotic drug. We believe that the Kansas code of criminal procedure is not as restrictive on the right of the district attorney to amend an information as the defendant is contending. K.S.A. 22-3201(4) is patterned closely after Rule 7(e) of the Federal Rules of Criminal Procedure which provides:

'(e) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.'

In interpreting this rule the federal courts have held that since the prosecutor is free to make the charge, he should be equally free to change it, and the restrictive rules about amendment of an indictment have no application to an information and instead the information may be amended in either form or substance. Leave of court is required in order that the court may protect the defendant against any possibility of prejudice. (Wright, Federal Practice and Procedure, Vol. 1, § 128.)

. . . .

"In permitting the state to amend an information the courts have been careful to protect the rights of the defendant so that his defense will not be prejudiced by the amendment. Permission granted by a trial court to amend an information after a plea of not guilty and before the jury has been sworn to try the case does not constitute reversible error in the absence of any reasonable contention or any showing that the interests of the defendant were thereby prejudiced (*State v. Eye*, supra [161 Kan. 69, 166 P.2d 572].) The fact that the defendant has been tried on the original information does not change the rule. We have held in a number of cases that after a new trial has been granted on the motion of a defendant in a criminal case, the attorney for the state, with the consent of the court, may enter a *nolle prosequi* without prejudice to a future prosecution, and thereafter the defendant may be put upon his trial and convicted upon a new information. The theory is that when a new trial is granted on the motion of the defendant in a criminal prosecution, the granting of the same places the party accused in the same position as if no trial had been had. (*State v. Hart*, 33 Kan. 218, 6 Pac. 288; *State v. Spendlove*, 47 Kan. 160, 28 Pac. 994; *State v. Chance*, 82 Kan. 388, 108 Pac. 789; and *State v. Bloomer*, 197 Kan. 668, 421 P.2d 58.) Of course, where a defendant procures a new trial he can be tried at the new trial only on the count or counts for which he was found guilty at the former trial. He may not be retried on other counts where he was acquitted. (*State v. McNaught*, 36 Kan. 624, 14 Pac.

277.) Likewise, where the new trial is granted after conviction for an offense included in the crime originally charged, the subsequent prosecution is limited to the included crime for which the defendant was convicted. (K.S.A. 21-3108[5].) With these two exceptions following the granting of a new trial, the state is in the same position with regard to amendment of the information as though no trial had ever been had in the case." 216 Kan. at 640-642.

In the case at bar, appellant was granted a new preliminary hearing and arraignment and was fully advised of the evidence which would be used against him. He was not charged with any new or different crime but with the same crime, first degree murder. The only change in the information was concerning one of the elements of proof that would be confronting the State; the nature of the underlying felony necessary if premeditation and deliberation were not proved. As it turned out the court ruled prior to trial that the case would not be tried under the felony murder rule but solely on the basis of premeditated murder. Under the circumstances no prejudice has been shown.

9. "That defendant was not afforded an impartial trial by an impartial judge."

Appellant filed an affidavit for the disqualification of Judge Vance contending he could not receive a fair trial because Judge Vance had presided over the first trial. Upon the filing of the affidavit it was referred to the Hon. Harrison Smith, associate district judge, in accordance with K.S.A. 1978 Supp. 20-311d. Judge Smith ruled that Judge Vance was not disqualified to conduct the second trial. The procedures contained in the statutes and those set forth in *Hulme v. Woleslagel,* 208 Kan. 385, 493 P.2d 541 (1972), were properly followed and the point is without merit.

10. "That the Trial Court erred by failing to order dismissal of the charges as directed by K.S.A. 22-3402(4)."

This is the same allegation and argument as covered in point number 7.

11. "That the Trial Court erred by refusing to provide counsel with proposed jury instructions as requested per defendant's motion prior to trial."

Appellant filed a motion seeking to obtain copies of the court's instructions several weeks prior to trial. He contends that as the information contained allegations of both premeditated and felony murder he was entitled to the jury instructions in advance in order to formulate his defenses. Needless to say, no judge can

formulate his instructions prior to hearing the evidence upon which the instructions must be based. However, the court did furnish stock instructions prior to trial and the court's ruling that the case would be tried solely on the theory of premeditated murder eliminated any doubt the defense might have had about the issues he would be required to meet. No error is shown.

12. "That the Trial Court erred by not granting defendant's motion for stay of proceedings and/or dismissal of charges based upon former jeopardy."

At the outset we might comment that we do not intend to prolong this opinion with a lengthy dissertation on the law of former jeopardy. For those interested, Chief Judge Foth of the Court of Appeals has recently explored the subject in depth in a scholarly opinion in the case of *In re Berkowitz,* 3 Kan. App. 2d 726, 602 P.2d 99 (1979).

Appellant's arguments in support of his claim of former jeopardy are twofold. He contends that by reason of his conviction in federal court of a gun law violation involving the same gun used in the killing of Chief Simons, he cannot subsequently be convicted in this case or any other which might involve the admission in evidence and the use of the same firearm. Appellant's reliance on K.S.A. 1978 Supp. 21-3108(2)(*a*) and (3)(*a*) is without merit. The only connection between the federal court conviction and the evidence in this case was the fact that the gun involved in the federal prosecution was the same gun used in the present homicide. The killing of Chief Simons and the circumstances surrounding it had nothing to do with the other conviction and evidence of the killing of Chief Simons was not necessary nor used in the federal action. Likewise the conviction and evidence in the federal court proceedings had no bearing upon the prosecution for first degree murder. The fact that the same gun was an instrumentality of both crimes does not bar the murder prosecution. This argument will be considered further under point 13 and lacks merit. See *State v. Edgington,* 223 Kan. 413, 573 P.2d 1059 (1978).

Appellant's other argument is based upon the trial in *McCowan I* and has been covered to some extent under point 8. In the former trial appellant was charged with first degree murder in one count in an information containing allegations of premeditation and deliberation and also allegations under the felony murder theory. The court instructed the jury under the felony murder

theory only. Appellant argues this was an implied acquittal of premeditated murder and that he could only be tried the second time under the felony murder theory. The present case was tried and sent to the jury solely on the basis of premeditated murder. Although the State's motion to file an amended information to allege a different underlying felony was sustained, the court ruled the trial would be conducted and the jury instructed on the theory of premeditated murder only. While it would have been proper for the trial court to instruct in both trials on both theories of first degree murder under the information as drawn and the evidence adduced, the propriety of the failure to do so is not an issue before this court at this time. *State v. Jackson,* 223 Kan. 554, 575 P.2d 536 (1978). Appellant's argument would be more persuasive if we were dealing with two different charges. He attempts to distinguish premeditated murder from felony murder and insists he was convicted of one and acquitted of the other in the first trial. As pointed out earlier in this opinion, appellant has been charged throughout the entire proceedings in both cases with just one offense, first degree murder under K.S.A. 21-3401. In *McCowan I* he was convicted of first degree murder. He was not acquitted of anything. In the present case, in a retrial sought and obtained by appellant, he again has been convicted of only one offense, first degree murder, and has not been acquitted of anything.

K.S.A. 1978 Supp. 21-3108 provides in pertinent part:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

(*a*) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or

. . . .

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

(*a*) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless such prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began; or

. . . .

(4) A prosecution is not barred under this section:

(*c*) If subsequent proceedings resulted in the invalidation, setting aside,

reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

K.S.A. 21-3401 defines the crime of murder in the first degree as the killing of a human being *either* "committed maliciously, willfully, deliberately and with premeditation" *or* "committed in the perpetration or attempt to perpetrate any felony." The statute provides that premeditated and felony murder are two theories under which one can be convicted of the crime of first degree murder. *State v. Mauldin,* 215 Kan. 956, 529 P.2d 124 (1974); *State v. Lamb,* 209 Kan. 453, 497 P.2d 275 (1972). It does not create two different offenses, merely two different theories for proving the same offense. See *State v. Sullivan & Sullivan,* 224 Kan. 110, 578 P.2d 1108 (1978); *State v. Jackson,* 223 Kan. 554, 575 P.2d 536 (1978).

In a discussion of statutory felony murder provisions, the authors of Am.Jur.2d state:

"These statutory provisions [felony-murder statutes], generally speaking, do not create any new offense, but merely modify the common-law rules with regard to the intent of the defendant or the punishment to be imposed, or both." (Citing *Ex Parte Dela,* 25 Nev. 346, 60 Pac. 217 [1900].) 40 Am. Jur. 2d, Homicide § 72, p. 365.

In *Ex Parte Dela,* the Nevada Supreme Court stated:

"It was not necessary at common law to even charge that murder was committed in the perpetration of another crime, and it was sufficient to charge it in the common form; and, upon proof that the crime was committed in the perpetration of another crime, such proof stood in lieu of the proof of malice aforethought." p. 353.

In *State v. Foy,* 224 Kan. 558, 582 P.2d 281 (1978), this court found that an information in the ordinary form charging premeditated murder was sufficient to uphold a conviction under the felony murder theory. The court stated:

"Our court has held an information in the ordinary form charging that a killing was done with malice aforethought, deliberation and premeditation is sufficient to sustain a conviction of murder in the first degree committed in the perpetration of a robbery or burglary. (*State v. Turner,* 193 Kan. 189, 392 P.2d 863 [1964].) Therefore, the fact that felony murder was not charged in the information does not preclude an instruction where evidence supports the instruction." p. 566.

Appellant chooses to ignore the provisions of K.S.A. 21-3108(4)(*c*) hereinbefore set out. In *State v. Dolack,* 216 Kan. 622, 533 P.2d 1282 (1975), this court stated:

"Professor Raymond L. Spring, (Now Dean of the Washburn University School of Law), in an article reviewing the provisions of K.S.A. 21-3108, succinctly stated the effect of subsection (4)(c) as follows:
'When the former conviction, by direct or collateral attack, is set aside, reversed, or vacated, the defendant cannot claim former jeopardy as to the crime of which he was convicted. Since he cannot subsequently be tried for a higher degree of the crime of which he has been convicted, it is difficult to conceive of a case in which such action would be taken except at the instance of the defendant. Where the action is taken at the defendant's instance, he clearly waives his right to claim former jeopardy, even though the conviction may be reversed or set aside for reasons not urged by defendant. Under subsection 21-3108(4)(c), however, it would make no difference whether the defendant urged the setting aside of the conviction, because even if the conviction were set aside on the court's own motion, former jeopardy would not bar retrial. The defendant can only benefit by such action.' (Spring, The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108, 9 Washburn L.J. 179, 191 [1970].)
"We approve of what was stated by Dean Spring." pp. 632-633.

We are not unaware of the exceptions grafted upon the rule of 21-3108(4)(c) by such cases as *Burks v. United States*, 437 U.S. 1, 57 L.Ed.2d 1, 98 S.Ct. 2141 (1978), but do not find that they are applicable under the facts of this case and may be distinguished from the case at bar.

Appellant's claim of former jeopardy is without merit.

13. "That the Trial Court erred by not granting defendant's motion for an order removing from consideration (1) charges of first degree murder as charged to be in violation of K.S.A. 21-3401 per the Amended Information and Amended Bill of Particulars and (2) all issues as to the possession ownership, control or usage of the A Llama .357 magnum revolver, Serial No. S810840."

Appellant's argument relative to the second issue appears to be that any issue, question or evidence involving the .357 magnum revolver should have been excluded from the trial. Following the trial in *McCowan I* and prior to the reversal of that case by this court, the defendant pled guilty to certain federal firearms violations involving the murder weapon. He contends that since he had already pled guilty to unlawfully transporting a firearm in interstate commerce in violation of 18 U.S.C. § 922(a)(1), the interjection of issues as to the .357 magnum revolver constituted double jeopardy. The argument is without merit. The gun was shown to be the murder weapon and as such was relevant and properly admitted in evidence. The fact that the same gun constituted the basis for the guilty plea in federal court does not preclude its admission in evidence in this case. *State v. Edging-*

*ton,* 223 Kan. 413, 573 P.2d 1059 (1978). Appellant's other contention under this point is repetitious and has been adequately covered in other portions of this opinion.

14. "That the Trial Court erred in denying the defendant's motion limiting references to Carl A. Simons as a police officer before the jury or any perspective [*sic*] or substitute juror."

Appellant appears to assert that it was error for the court not to make a preliminary ruling before trial that all reference to the victim being a police officer should be excluded. The victim's actions which led to his unfortunate demise were all taken in what he thought was his capacity as a police officer even though he was outside his jurisdiction. The fact the victim was a police officer was relevant to the issues in this case and certainly there could be no logical showing or explanation of the events leading to the homicide without disclosing the fact the victim was a police officer. No error is shown in the court's ruling.

15. "That the Trial Court erred in denying the defendant's motion limiting statements relating to the A Llama .357 magnum revolver, Serial No. S810840 before perspective [*sic*] juror or substitute juror or a member of the jury."

This point appears to be part and parcel of the argument made under point number 13. It lacks merit.

16. "That the Trial Court erred by allowing testimony of witnesses who were not attached to the amended information."

Appellant contends that the trial court erred when it allowed the State to endorse names of the witnesses it planned to present at trial immediately prior to trial.

K.S.A. 1978 Supp. 22-3201(6) provides:

"The prosecuting attorney shall endorse the names of all witnesses known to said attorney upon the complaint, information and indictment at the time of filing the same. Said attorney may endorse thereon the names of other witnesses as may afterward become known to said attorney, at such times as the court may by rule or otherwise prescribe."

It has been often held by this court that late endorsement of witnesses is a matter within the discretion of the trial court. See *State v. Rogers,* 217 Kan. 462, 465, 537 P.2d 222 (1975), and other cases collected in the annotations following K.S.A. 1978 Supp. 22-3201.

The argument by appellant is without merit especially when one considers the fact that the case had been tried before. The

State's witnesses were undoubtedly known to appellant long before the second trial began. No abuse of discretion is shown.

17. "That the Trial Court erred by informing counsel that evidence of the deceased's turbulent nature was inadmissible and then reversing such ruling at such a late date so as to deny defendant the opportunity to subpoena witnesses."

In *McCowan I* the trial court had ruled that it would not allow evidence of the "turbulent nature" of the deceased. Shortly before trial began in the present case, defense counsel inquired if he was going to be similarly restricted in this trial. The court ruled in his favor and indicated it would allow such evidence to be presented. Defendant presented no evidence of any kind at trial and rested after the State had completed its case. Appellant now argues that the ruling came too late to allow him to prepare such evidence. The proposed evidence might have had some bearing on the issues in this case if defendant had shown any evidence of a valid claim to self-defense. There was no such showing in this case. See generally *State v. Mason,* 208 Kan. 39, 490 P.2d 418 (1971); *State v. Gray,* 179 Kan. 133, 292 P.2d 698 (1956); *State v. Long,* 103 Kan. 302, 175 Pac. 145 (1918). *Cf. Carrick v. McFadden,* 216 Kan. 683, 533 P.2d 1249 (1975).

18. "That the Trial Court erred by allowing the testimony of defendant's prior crimes."

Appellant next argues that the trial court erred in admitting evidence of prior crimes. He complains of the testimony of James Robison, appellant's probation officer. In his testimony, Robison stated that appellant had been convicted in Wichita County of unlawful possession of a firearm in violation of K.S.A. 21-4204(1)(*b*). The testimony was relevant to show the circumstances surrounding the attempted arrest of the defendant for parole violation which led to the victim's death.

"[E]vidence which is otherwise relevant in a criminal prosecution is not rendered inadmissible simply because it may show a crime other than that charged." *State v. Farris,* 218 Kan. 136, 139, 542 P.2d 725 (1975).

We have carefully reviewed the record and considered all of appellant's points and arguments and find them to be without merit.

The judgment of the trial court is affirmed.

FROMME, J., not participating.