**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**KIFI TOILOLO and FA`AFO`I SOI, Defendants,**

High Court of American Samoa
Trial Division

CR No. 92-01
CR No. 93-01

March 15, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Asst. Attorney General
For Defendant, Bentley C. Adams, III, Asst. Public Defender

## ORDER GRANTING PLAINTIFF'S
## MOTION TO AMEND COMPLAINT

Defendants have been charged with Murder in the First Degree according to the Information filed by Plaintiff on November 30, 2001. On February 1, 2002, Plaintiff moved to amend the information, adding an alternative charge of Assault in the First Degree. Defendants argue that the proposed amendment would prejudice their rights. Plaintiff argues that the filing is not prejudicial to defendants' rights and is in compliance with T.C.R.Cr.P. Rule 7(e).

■ A review of federal experience with the federal counterpart of Rule 7(e) is informative in understanding what constitutes prejudice under our identical rule. If the defendant has enough time to prepare for the amended information that he is not considered to be taken by surprise, he is not prejudiced and the amendment is permitted. *Tiliman v. Cook*, 855 P.2d 211, 214-15 (Utah 1993) (defendant had three months to prepare his defense to additional aggravating circumstances); *State v. McCowan*, 602 P.2d 1363, 1371 (Kan. 1979) (allowing amendment is not reversible error in absence of any reasonable showing that the interests of the defendant were prejudiced); *U.S.A.C. Transp. v. United States*, 203 F.2d 878, 880 (10th Cir. 1953) (where defendant did not move for time to prepare for any surprise caused by amendment, defendant was not prejudiced by the amendment).

■ Another key to determining whether the change results in prejudice is consistency in the underlying factual accusations. If the underlying factual accusations remain the same, amending the information to a different charge has been found proper. *United States v. Smith*, 107 F. Supp. 839, 839 (D.C.Pa. 1952). Also, changing the charge in an information to a lesser included offense of the original charge has been held harmless. *Gov't. of Canal Zone v. Burjan*, 596 F.2d 690, 693 (5th Cir. 1979)

■ In the current situation, the original information included factual allegations of all the elements of assault. In fact, these allegations are the basis of the murder charge. While assault may not technically be a "lesser included charge" of murder, amending the information to include assault is not inconsistent with the original factual allegations. Also, defendants will have had over three months to prepare for the new charge by the time the trial occurs, assuming it is not held at an even later date than currently scheduled. Finally, defendants have failed to show any evidence of how the new charge prejudices their rights.

It might be argued that including the new charge of assault prejudices defendants' rights in that they seem now more likely to be convicted of *something* than before the amendment. However, the case law makes it apparent that relative likelihood of conviction is not the test for prejudice—rather, whether the change itself produces an unfair disadvantage is the central issue. If the prosecutor in the case at hand were to throw in a possession charge, or robbery, it would be a different situation; new factual allegations would have arisen, possibly taking defendant by surprise. But that is not the case here.

Defendants are not prejudiced by the amended information. The plaintiff's motion to amend is granted.

It is so ordered.